■ ROBERT DUNN et al., Respondents, v GERALD MOSS, Appellant, et al., Defendant. [598 NYS2d 350] —Mahoney, J. Appeal from an order of the Supreme Court (Keniry, J.), entered October 28, 1991 in Rensselaer County, which denied defendant Gerald Moss' motion to set aside a verdict in favor of plaintiffs and granted a new trial unless said defendant stipulates to an increased verdict.

This medical malpractice action arises out of postoperative complications sustained by plaintiff Robert Dunn (hereinafter plaintiff) after undergoing a variant form of gall bladder excision known as a "mini-trauma cholecystectomy" performed by defendant Gerald Moss (hereinafter defendant). A review of the record reveals that plaintiff was referred to defendant by his family physician for further study of his complaints of abdominal pain. That same day he was examined by defendant, admitted to defendant Samaritan Hospital and underwent the cholecystectomy. He was discharged the next day. Approximately one week later, in response to complaints of continuing abdominal pain, plaintiff was readmitted to the hospital where he eventually underwent two additional operations to drain abscesses that had developed. The presence of persisting infection and other complications ultimately necessitated the intervention of an infectious disease specialist and prompted plaintiff's transfer to Albany Medical Center Hospital where he remained for one month.

Claiming that defendant negligently performed the cholecystectomy and that his postoperative care fell below prevailing standards, plaintiff commenced this action which included a derivative claim interposed by plaintiff's wife. Ultimately the matter proceeded to trial. At the conclusion of the proof, the jury was presented with a verdict sheet containing five questions which required yes/no responses to whether five of defendant's specified acts or omissions were negligent. Supreme Court issued its charge and the jury retired to deliberate. Following numerous requests by the jury for rereadings of the charge and certain of the trial testimony, a verdict was returned finding defendant negligent as to one specification, not negligent on two others by unanimous vote and not negligent on the remaining two by a 4 to 2 vote. The jury awarded $25,000 in damages to plaintiff on the sustained claim of negligence and $10,000 on the derivative claim. After appropriate additional instructions, Supreme Court returned the jury to deliberate on the two 4 to 2 vote specifications, following which it concluded by unanimous vote that defendant was not negligent on both counts.

Defendant then moved to set aside the liability portion of the verdict on grounds of juror confusion and inconsistency. Plaintiffs concurrently moved to set aside the jury's damages award as inadequate. Supreme Court denied defendant's motion and granted plaintiffs' motion unless defendant agreed to increase the verdict to $90,000 for pain and suffering on the

main claim and $25,000 on the derivative claim. This appeal by defendant ensued.

We affirm. Initially, we see no abuse of discretion in Supreme Court's refusal to set aside the liability portion of the verdict on the ground of juror confusion. While, clearly, the trial court's broad discretion to set aside a jury verdict and to order a new trial extends to cases of juror confusion *(see, DeGiglio v Williams,* 166 AD2d 499, 500; *Scaduto v Suarez,* 150 AD2d 545), before a new trial is ordered on this basis it must be shown that the jury was substantially confused by the verdict sheet and the charge and was thus unable to make a proper determination upon adequate consideration of the evidence *(Szeztaye v La Vacca,* 179 AD2d 555, 556). Here, a review of the seven questions the jury asked the court during deliberations does not persuade us to the view that this degree of confusion prevailed. Indeed, far from reflecting confusion, most of the substantive requests made by the jury, notably its request for a rereading of the charge, the definition of medical malpractice and certain of the trial testimony, indicate a conscious awareness of its role and evidence the presence of bona fide, ongoing deliberations. While the one question raised regarding voting and the resulting 4 to 2 vote on two of the specifications suggest the jury's unsureness with regard to certain procedural aspects of the jury process, those minor misapprehensions were cleared up with appropriate curative instructions.

Resolution of the remaining arguments advanced by defendant do not require extended discussion. By failing to raise the claimed inconsistencies in the verdict prior to discharge of the jury, defendant has waived appellate review of this issue *(see, e.g., Barry v Manglass,* 55 NY2d 803, 806; *Strauss v Huber,* 161 AD2d 629), and we see no necessity on this record for intervention in the interest of justice. We likewise discern no error in the exclusion of a chart prepared by defendant delineating the particulars of the successful postoperative course of 253 of defendant's other patients who had undergone this surgical procedure and a videotape outlining the particulars of the "mini-trauma cholecystectomy". The information contained in both these evidentiary submissions, inasmuch as it does not speak to the issue of plaintiff's surgery, properly was excluded on grounds of irrelevancy and potential for prejudice *(cf., Glusaskas v John E. Hutchinson, M.D., P. C.,* 148 AD2d 203). Finally, we see no abuse of discretion in Supreme Court's grant of plaintiffs' motion setting aside the jury's damages verdict on grounds of inadequacy. Given the life-

threatening nature of the complications experienced by plaintiff as a result of the surgery, more particularly the severity of his infection and attendant necessity for two additional operations accompanied by the extended period of hospitalization (a portion of which was in the intensive care unit), the plethora of antibiotics, narcotics and sedatives necessary to stabilize his condition and relieve the pain, his lengthy posthospital convalescence due to his weakened condition and attendant 30-pound weight loss, we find ample evidence to support Supreme Court's conclusion that the jury's $25,000 damage award deviated materially from what is reasonable compensation (cf., Gigliotti v Wrape, 156 AD2d 946). Likewise, because the record discloses that plaintiff's wife was deprived of plaintiff's support, companionship and services during his lengthy hospitalization, cared for him during the extended convalescence period at home and performed all services necessary to maintain the household during this entire time, which approximated 5 to 6 months, we also find sufficient proof in the record to support Supreme Court's setting aside the derivative loss verdict.

Weiss, P. J., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.