■ GERALD MOSS, Appellant, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Respondent. [621 NYS2d 404] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Spain, J.), entered January 19, 1994 in Rensselaer County, which, inter alia, granted defendant's cross motion for summary judgment and made a declaration in favor of defendant, and (2) from the judgment entered thereon.

Plaintiff, a physician formerly insured under a professional liability policy issued by defendant, seeks a declaration that certain language in the policy mandates that defendant refrain from making any payment to Robert Dunn and Carol

Dunn, the prevailing parties in a medical malpractice action brought against plaintiff in 1985 (hereinafter the Dunn action), because he has not given his consent to do so. At the conclusion of the trial in the Dunn action, Supreme Court denied plaintiff's motion to set aside the jury's verdict and granted the Dunns' motion to increase the amount of damages awarded. An order was entered directing a new trial on the issue of damages unless plaintiff stipulated to an increased damage award. Believing that an appeal would not prove successful, defendant recommended settling the case, but plaintiff neither consented to a settlement nor accepted the additur, deciding instead to appeal Supreme Court's order and the underlying verdict.

While his appeal in the Dunn action was pending, plaintiff brought this action and simultaneously sought a preliminary injunction preventing defendant from paying the Dunns. Noting the possibility that the liability verdict might be overturned on appeal, Supreme Court granted the injunction on condition that plaintiff post an undertaking; because he did not do so, no injunction was issued. Supreme Court's decision in the underlying action was subsequently affirmed (see, Dunn v Moss, 193 AD2d 983). Thereafter, both parties to this action having moved for partial summary judgment, Supreme Court, construing the insurance policy in question, determined that it included an implied provision of reasonableness and that, in view of the fact that plaintiff had exhausted the appeal process with regard to the finding of liability, his consent to the payment had been unreasonably withheld. An order and judgment were entered declaring that defendant's only obligation with respect to the Dunn action was to pay "the amount finally determined by the verdict or thereafter determined by written agreement" between defendant and the Dunns. Plaintiff appeals.

This appeal is now moot for plaintiff took no action, pending appeal, to maintain the status quo (see, CPLR 5518, 5519), and defendant has, in the interim, tendered payment to the Dunns of the amount ordered by Supreme Court and received, in exchange, an appropriate release of their claims against plaintiff; hence, plaintiff no longer has any protectable interest that could be affected by a decision in his favor (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Capital Dist. Greens v City of Albany, 195 AD2d 767, 768, lv denied 83 NY2d 752).

Plaintiff's economic interest will not be served by such a decision, for the amount paid was well below the policy limit,

and as he is no longer a practicing physician—his license to practice medicine in New York has since been revoked *(see, Matter of Moss v Chassin,* 209 AD2d 889)—there can be no effect on future malpractice premiums. Nor can plaintiff argue convincingly that his reputation may be affected, for the fact that his negligence was the proximate cause of Robert Dunn's injuries has been conclusively determined, and the damage this may have done to plaintiff's reputation would not be undone if he succeeded in obtaining a new trial on the issue of damages. While plaintiff contends that a drastic reduction in the amount of damages would benefit his reputation, given that this Court found that the amount awarded by the jury in the Dunn action deviated materially from reasonable compensation for the injuries sustained *(see, Dunn v Moss,* 193 AD2d 983, *supra),* it is highly improbable that the final award after retrial, and after all appeals are exhausted, would be appreciably less than that actually paid by defendant.

Inasmuch as any determination on this appeal would not affect the rights of the parties, and the issue before us does not satisfy the criteria for an exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715), the appeal must be dismissed.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the appeal is dismissed, as moot, with costs.