■ JAMES E. STILLOE, Appellant, v WILLIAM CONTINI et al., Respondents. [623 NYS2d 402] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Smyk, J.), entered January 3, 1994 in Broome County, upon a verdict rendered in favor of defendants.

---

* Petitioner has held the noncompetitive position of Police Officer-Part Time from 1977 to the present.

Defendant William Contini, a physician, is a principal in a medical group formerly known as defendant Associates in Medicine, P. C. (hereinafter AIM). Contini treated plaintiff in 1980 for complaints of head and nasal stuffiness. In October 1982, Contini treated plaintiff for a severe case of atopic dermatitis for which he prescribed prednisone, a cortisone steroid, and directed plaintiff to take no more than 10 milligrams every other day. Contini also told plaintiff to return in a year for evaluation. Two other physicians had previously prescribed prednisone for plaintiff's atopic dermatitis condition. Plaintiff was next seen by Contini in March 1983 and January 1984 for complaints unrelated to his dermatitis. Contini denied any personal or phone contacts between plaintiff and himself from January 1984 through February 1989. During these years, plaintiff periodically called in to the AIM office for renewal of his prednisone prescription and spoke with staff members of AIM, but not to Contini. Prescriptions were given to plaintiff that allowed him to obtain thousands of prednisone pills when, according to Contini's October 1982 directions, plaintiff would have required only 180 10-milligram prednisone pills a year. Plaintiff told his ophthalmologist in 1988 that the dosage prescribed was 10 milligrams every other day.

Subsequently, in the summer of 1989, it was discovered that plaintiff had developed glaucoma, a known possible side effect of prednisone use, and required surgical procedures to relieve the condition. Plaintiff next commenced the instant medical malpractice action against defendants. Previously, this Court ruled that plaintiff's medical malpractice action was not barred by the Statute of Limitations (190 AD2d 419). Plaintiff proceeded at trial on the theory that defendants negligently prescribed large quantities of prednisone and increased the dosage originally directed without properly monitoring plaintiff for possible side effects. The theory of the defense at trial was that while Contini's conduct enabled plaintiff to obtain prednisone in excessive quantities, it was not the proximate cause, but a remote or an indirect cause, of plaintiff's injury. Rather, it was the decision of plaintiff to self-medicate, not to come in for follow-up visits as directed, and to take doses of prednisone in excess of what was recommended that was the proximate cause of his injury.

Following the trial, the jury found that although Contini had been negligent in his prescribing prednisone, his negligence was not a proximate cause of plaintiff's injury. Plaintiff's motion to set aside the verdict on the basis of juror

confusion, alleging that the jury must have decided "comparative negligence" and not "proximate cause", was denied. Judgment in favor of defendants was entered and this appeal ensued.

We reject plaintiff's contention that Supreme Court erred in denying plaintiff's motion to set aside the verdict because it resulted from the jury's confusion of the concept of proximate cause with that of comparative negligence. The record is devoid of evidence that the jury was substantially confused by the two terms and unable to make a proper determination upon consideration of the evidence *(see, Dunn v Moss,* 193 AD2d 983, 985; *Szeztaye v LaVacca,* 179 AD2d 555; *cf., Scaduto v Suarez,* 150 AD2d 545). Plaintiff has failed to establish that Supreme Court abused its discretion in denying plaintiff's motion.

Supreme Court properly instructed the jury in its charge on, *inter alia,* the elements of plaintiff's cause of action, the burden of proof, proximate cause and comparative negligence. Plaintiff did not object to the charge. Moreover, Supreme Court followed the New York Pattern Jury Instructions verbatim in defining proximate cause *(see,* 1 NY PJI 2:70, at 206 [2d ed]; 1 NY PJI 2:70, at 164 [2d ed] [1995 Supp]).

Contrary to plaintiff's assertion, the jury's request that Supreme Court reread the definition of proximate cause did not indicate that the jury was confused. The jury also requested a rereading of the direct examination of Contini, Contini's testimony "on side effects of prednisone and instructions on use and follow-up visits". These requests reveal the jury's awareness of and attention to the issues and the evidence *(see, e.g., Dunn v Moss, supra,* at 985).

Nor do we find that the verdict is against the weight of the evidence *(see generally, Nicastro v Park,* 113 AD2d 129). Plaintiff did not claim that Contini was negligent in prescribing the dosage of 10 milligrams of prednisone every other day. Expert medical witnesses opined that 10 milligrams every other day was a low dosage, unlikely to cause glaucoma. It was plaintiff's position, rather, that at some point Contini directed plaintiff to increase the dosage and failed to monitor him for possible adverse effects. Plaintiff testified that at various times he was directed by individuals at AIM to increase the number of pills he was taking. This was contradicted, however, by his admission to his ophthalmologist in 1988 that the prescribed dosage was 10 milligrams every other day. Further, Contini testified that plaintiff was never directed to increase the original dosage prescribed. Contini stated he was unaware of

the number of pills he was prescribing for plaintiff and that the medical standards for prescribing depend on many different variables relating to what is occurring on a given day in the office. Plaintiff's own expert testified that plaintiff was self-medicating with prednisone. There was also evidence that plaintiff had been advised of the possible side effects of prednisone use, not only by Contini but also by two physicians prior to Contini. Thus, the jury could have properly concluded that plaintiff's willful self-medication, in the face of warnings of possible side effects, was the sole proximate cause of his glaucoma condition. Jury verdicts are to be accorded deference on review, particularly those rendered in favor of defendants in tort cases (see, Nicastro v Park, supra, at 134; see also, Carpenter v Albee, 192 AD2d 1004).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.