◼ GERALD MOSS, Appellant, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Respondent. [636 NYS2d 948] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 23, 1994 in Rensselaer County, which granted defendant's motion to dismiss the complaint on the ground of, *inter alia*, res judicata.

Until 1987, plaintiff, a medical doctor, was insured under a policy of professional liability insurance issued by defendant, by the terms of which no action against the insured was to be settled without the latter's consent. In 1985, 1986 and 1987, three medical malpractice actions were commenced against plaintiff by three separate couples, the Dunns, the Kerrigans and the Passinos. Defendant undertook to defend plaintiff in each of the actions and, after investigation, recommended settlement of the Kerrigan and Passino actions. The Dunn action, which proceeded to trial, eventuated in a $35,000 damage award in favor of the Dunns. The trial court found the award inadequate, however, and ordered that if plaintiff would not stipulate to an additur of $90,000, a new trial would be had on the issue of damages. The jury's verdict, as modified by the trial court, was upheld on appeal (*see, Dunn v Moss*, 193 AD2d 983), and leave to appeal to the Court of Appeals was denied by this Court.

When plaintiff refused to consent to the proposed settlements in the Kerrigan and Passino actions, defendant invoked the policy's arbitration procedure. The arbitration panel in each case ratified defendant's decision to settle. The Kerrigan action was settled in January 1991 for $10,000, but plaintiff continued to strenuously object to any settlement of the Passino case and commenced an action in Supreme Court (hereinafter the Passino coverage action) challenging, among other things, the validity of the arbitration and defendant's authority to settle the case without his consent. Defendant obtained summary judgment in that action and plaintiff did not perfect an appeal therefrom. The Passino action was then settled in September 1993 for $750,000.

In the Dunn action, defendant intended to pay the verdict with additur, but plaintiff refused to agree to the payment, insisting instead on a new trial. To this end, he again commenced an action in Supreme Court (hereinafter the Dunn coverage action) challenging defendant's authority to pay the verdict—a course of action plaintiff referred to as "settling" the case—without his consent. That action was also resolved in

defendant's favor; the court found, *inter alia*, that the consent provision incorporated an implied reasonableness requirement, and that it was unreasonable for plaintiff to withhold his consent after liability had been determined and damages fixed well below the $1 million policy limit. Plaintiff's appeal from that determination was dismissed as moot (*see, Moss v Medical Liab. Mut. Ins. Co.*, 211 AD2d 854, *lv denied* 85 NY2d 809).

In the instant action, plaintiff charges that defendant breached its obligation to defend him, and represent his interests in good faith, in each of the three malpractice actions. The gravamen of plaintiff's complaint is an allegation that defendant "at some point * * * made a determination * * * [to] settle and dispose of all malpractice claims against the [p]laintiff, regardless of the [p]laintiff's consent", thus, he contends, protecting its own interests at the expense of plaintiff's. Defendant moved to dismiss the complaint on res judicata and collateral estoppel grounds, and also because the complaint purportedly fails to state a cause of action. Supreme Court granted the motion and plaintiff appeals.

Plaintiff's bad-faith claim stems from his disapproval of defendant's handling of the Kerrigan, Passino and Dunn actions—the very same activities that were at issue in the Kerrigan arbitration (which award was unchallenged), the Passino arbitration and the coverage action contesting the resulting decision (the outcome of which was not appealed), and the Dunn coverage action (from which all appeals have been exhausted). The mere fact that the present complaint focuses on defendant's exercise of its authority to settle, while the earlier actions were premised upon assertions that defendant was without any such authority, is of no moment, for the doctrine of res judicata bars not only those claims that were actually litigated previously, "but also those which [might] have been" raised in the former action (*Culver v County of Rensselaer*, 139 AD2d 853, 854-855, *lv denied* 72 NY2d 807), provided they arise from the same transaction or series of transactions (*see, Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193). Supreme Court rightly concluded that the present action, in which plaintiff essentially seeks to recover, under a new legal theory, for the same allegedly improper conduct that has already been subjected to judicial and arbitral scrutiny on several prior occasions, must be dismissed (*see, Matter of Hodes v Axelrod*, 70 NY2d 364, 372; *Matter of Reilly v Reid*, 45 NY2d 24, 30; *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189-190).

Although plaintiff contends that his charge of bad faith is

based on the pattern of defendant's actions with respect to the three cases, and thus could not have been raised in any of the earlier individual proceedings, we are unconvinced. Plaintiff was aware of the facts which underlie his present suit, namely, defendant's decisions to seek settlement in the Kerrigan and Passino actions, and to pay the verdict with additur in the Dunn action, before he commenced either the Dunn coverage action (in April 1992) or the Passino coverage action (in July 1993). By April 1992, defendant had already settled the Kerrigan action, after the arbitration committee upheld its decision to do so, and had advised plaintiff of its intent to seek arbitration, in an attempt to overcome his refusal to consent to settlement of the Passino action. Plaintiff was also aware of defendant's intention to pay the judgment in the Dunn action, as that was the very activity plaintiff sought to enjoin by commencing suit at that time. And by July 1993, when the Passino coverage action was begun, plaintiff was fully cognizant of the committee's decision with respect to the Passino malpractice claim. There is, accordingly, no merit to plaintiff's assertion that the bad-faith claim arises from a "pattern" of conduct that had not been revealed when he commenced the other two suits against defendant.

Although it is not necessary to address the issue, given the foregoing, we note, parenthetically, that there appears to be merit to defendant's assertion that the complaint as pleaded is conclusory, and hence legally insufficient.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.