■ ALICE M. DILLMAN, an Infant, by ALICE M. DILLMAN, Her Parent and Guardian, et al., Appellants, v ALBANY ROMAN CATHOLIC DIOCESE et al., Respondents. [655 NYS2d 133] —Crew III, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered January 10, 1996 in Albany County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered February 21, 1996 in Albany County, which denied plaintiffs' motion to set aside the verdict.

On September 16, 1992, plaintiff Alice Molly Dillman (hereinafter Dillman) sustained certain injuries when she fell from the monkey bars at St. Helen's School in Schenectady County. Dillman and her mother thereafter commenced this action against defendant St. Helen's Church and defendant Albany Roman Catholic Diocese alleging, *inter alia*, negligence on the part of defendants and their agents with respect to the maintenance and supervision of the playground area at the school. Following joinder of issue and discovery, the matter proceeded to trial, at the conclusion of which the jury returned a verdict in favor of defendants. Supreme Court entered judgment in accordance with the jury's verdict and dismissed the complaint. Plaintiffs thereafter unsuccessfully moved to set aside the verdict as against the weight of the evidence, and these appeals ensued.

Plaintiffs initially contend that Supreme Court erred in "personalizing" the jury charge by focusing attention upon Ann Marie Glenn, the school's principal at the time of Dillman's accident, and Mary Christopher Allie, Glenn's immediate predecessor, both of whom are nuns. In so doing, plaintiffs assert, Supreme Court confused the jury as to the identity of the true defendants. We cannot agree.

In this regard, it is well settled that "before a new trial is ordered on this basis it must be shown that the jury was substantially confused by the verdict sheet and the charge and was thus unable to make a proper determination upon adequate consideration of the evidence" (*Dunn v Moss*, 193 AD2d 983, 985; *see, Stilloe v Contini*, 213 AD2d 815, 817). Here, Supreme Court charged the jury that although the church and the diocese indeed were the named defendants, because such defendants were corporate entities they necessarily acted through and were responsible for the acts or omissions of their agents and employees, i.e., Glenn and Allie. We perceive no error in this charge and reject plaintiffs' contention that the charge as given prejudiced their case by compelling the jury to

return a verdict against two nuns in order to find in favor of plaintiffs.

Nor are we persuaded that the verdict sheet confused the jury. In this regard, the jurors initially answered the first question on the verdict sheet—whether the ground underneath the monkey bars was in a reasonably safe condition—affirmatively, but did so by a 4 to 2 vote. Contrary to Supreme Court's instructions, the jury then determined, by unanimous vote, that Glenn and Allie were not negligent. After receiving appropriate instructions from the court, the jury continued deliberating and again answered the first question affirmatively, this time by a 5 to 1 vote, and declined to disturb its verdict as to Glenn and Allie's negligence—an issue that it was not required to reach in any event. In our view, although the initial 4 to 2 vote may suggest that the jury was unsure regarding certain procedural aspects of the jury process (*see*, *Dunn v Moss*, *supra*), we note that Supreme Court gave appropriate curative instructions and the jury, upon being polled, reaffirmed its verdict. In short, plaintiffs' contention that the jury was confused as to the identity of the true defendants and/or the issues in the case is belied by the record.

Similarly unavailing is plaintiffs' contention that the verdict returned by the jury was against the weight of the evidence. On a motion to set aside a verdict as against the weight of the evidence, the relevant inquiry is whether " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875; *see*, *Farrell v Stram*, 228 AD2d 880, 881). Such is not the case here. Although a 1991 inspection of the playground revealed that the sand underneath the monkey bars "ha[d] compacted, creating a hard surface", that same inspection indicated an average depth of sand on the playground of 4 to 6 inches. Additionally, the school's gym teacher, who conducted a safety class at the playground on the morning of Dillman's accident, testified, "I didn't feel the surface [underneath the monkey bars] was hard. I thought it was a safe surface. It looked soft". Further, although plaintiffs' expert testified that the surface underneath the monkey bars was inadequate to cushion a fall and that such surface was the cause of Dillman's injuries, two points are worth noting. First, the record indicates that plaintiffs' expert, who never personally inspected the playground area, based her opinion, in part, upon photographs of the playground that apparently were taken approximately two months after

Dillman's accident occurred. Additionally, plaintiffs' expert, in formulating her opinion as to the cause of Dillman's injuries, did not take into account Dillman's weight, the height from which she fell or the position in which she landed—all of which, one of defendants' witnesses testified, were relevant factors in determining the cause and extent of Dillman's injuries. Hence, although plaintiffs certainly introduced proof from which the jury rationally could have concluded that the ground underneath the monkey bars was not in a reasonably safe condition, viewing the record as a whole, we cannot say that the evidence so preponderated in plaintiffs' favor as to mandate setting aside the jury's verdict.

As a final matter, although we agree that Supreme Court erred in admitting into evidence the school incident report prepared in connection with Dillman's accident, we deem such error to be harmless. Accordingly, the orders from which these appeals were taken should be affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.