■ Anna Krosky, Respondent, v County of Schenectady, Appellant. [658 NYS2d 749] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lomanto, J.), entered March 15, 1996 in Schenectady County, which granted plaintiff's motion to set aside the verdict and ordered a new trial on limited issues.

Plaintiff, a resident of a skilled nursing facility owned and operated by defendant, was injured when she fell from the window of her second-floor room. Although the window had been fitted with stopping screws to prevent it from opening more than six inches on either side, a postaccident investigation revealed that the screws were not in place and that the right side of the window had been opened fully, creating an opening approximately 16 inches wide. The essentially undamaged window screen was found lying on the ground near plaintiff, who was unable to remember the details of the events leading up to her fall.

A trial ensued, at which plaintiff asserted that defendant was responsible for her injuries by virtue of its failure to, *inter alia*, properly maintain the window. In response, defendant sought to prove, through circumstantial evidence—there having been no eyewitnesses who could testify with respect to how the fall occurred—that plaintiff must have dislodged the stopping screws herself by repeatedly banging the window panes into them, and that she could not have fallen unless she had first climbed up on the radiator in front of the window and deliberately removed the screen. Plaintiff's attorneys attempted to counter this showing with testimony to the effect that the 81-year-old plaintiff was physically incapable of performing these activities.

After each party moved, unsuccessfully, for a directed verdict, the jury found that defendant had been negligent in maintaining the window, but that its negligence was not a proximate cause of plaintiff's fall. Upon plaintiff's motion, Supreme Court set aside this latter portion of the verdict, directed a verdict in her favor on the issue of liability and ordered a new trial on the issues of comparative negligence and damages. Defendant appeals.

We reverse. The issues of culpability and proximate cause are not, as plaintiff contends, so inextricably interwoven, either because of the nature of the case or the manner in which the jury was instructed, as to render that body's findings with respect to negligence and proximate cause inconsistent and illogical (*see, Schaefer v Guddemi*, 182 AD2d 808, 809; *compare, Bucich v City of New York*, 111 AD2d 646, 647).

Ordinarily, whether a particular cause was actually a "substantial factor" in bringing about the injuries for which recovery is sought is a matter to be decided by the jury on the basis of the particular facts at hand (*see, Noviczski v Homeyer*, 238 AD2d 860, 861; *Doyle v Seney*, 221 AD2d 828, 829). Here, given the physical layout of the window and related structures, it appears likely that plaintiff, her infirmities notwithstanding, was sufficiently mobile to maneuver herself onto the radiator or window sill, retract the pins holding the window screen in place, and remove the screen by pushing it out the window. There was also evidence from which it could be inferred that she had dislodged the stopping screw intended to prevent the right window pane from opening fully. In sum, it was not irrational for the jury to conclude, as it apparently did, that these intentional and somewhat extraordinary acts were the sole proximate cause of plaintiff's fall (*see, Schermerhorn v Warfield*, 213 AD2d 877, 878; *Stilloe v Contini*, 213 AD2d 815, 818; *Rubin v Pecoraro*, 141 AD2d 525, 526-527), and that defendant's negligence in failing to inspect the stopping screws, or to insure that they remained securely fastened into the window tracks, was not a substantial factor in bringing about the accident, but merely " 'furnished the condition or occasion' " for it to occur (*Margolin v Friedman*, 43 NY2d 982, 983, quoting *Sheehan v City of New York*, 40 NY2d 496, 503).

Inasmuch as there is a rational interpretation of the evidence that could lead to the conclusion reached by the jury, Supreme Court erred in finding the verdict unsupported as a matter of law (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499). Nor do we find, after considering the competing inferences that can be drawn from the trial record and balancing the relevant factors (*see, id.*; *Nicastro v Park*, 113 AD2d 129, 133-136), that the proof was so weighted in favor of plaintiff as to render the contrary verdict " 'palpably incorrect' " or clearly unfair (*Fontana v Kurian*, 214 AD2d 832, 833, *lv denied* 86 NY2d 707; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746), such that a new trial would be warranted. Lastly, plaintiff's assertions notwithstanding, there is no indication that the verdict was the result of improper speculation that plaintiff jumped

from the window in an attempt to commit suicide, or that it should be overturned in the interest of justice because of improper remarks or insinuations made by defense counsel.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and jury verdict reinstated.