■ DAVID A. MOSHER, Appellant, v JOSEPH MURELL, Respondent. [744 NYS2d 61] —Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (Lalor, J.), entered March 22, 2001 in Greene County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered March 12, 2001 in Greene County, which denied plaintiff's motion to set aside the verdict.

Plaintiff commenced this personal injury action seeking to recover damages for injuries allegedly sustained when he fell from a ladder on defendant's property. Following a trial, the jury returned a verdict in defendant's favor. The trial evidence revealed that on November 16, 1996 plaintiff, having experience cutting down trees, went to defendant's home located in the City of Hudson, Columbia County, to help him take down a dead tree. Plaintiff did not bring any equipment with him. Defendant told plaintiff that he could use a 16-foot wooden ladder located on the ground some 35 feet from the tree. The ladder had been kept outdoors for years. The proof further indicated that defendant last used the ladder in February 1996 and other people had borrowed it prior to the accident. Defendant did not inspect the ladder prior to making it available to plaintiff and never told plaintiff that he had only climbed the ladder to the fourth or fifth rung, since that was all that was necessary to access the roof of his pool cabana.

Shortly after plaintiff arrived, defendant left the premises to obtain oil for his chainsaw. Plaintiff remained intending to trim the branches with defendant's bow saw, which was kept in the garage. As defendant was leaving, he observed plaintiff going into the garage. Sometime later plaintiff, who has no memory of this unwitnessed accident, allegedly fell from the ladder. He called his girlfriend's mother to inform her that he was hurt. Thereafter, an ambulance arrived and transported him to the hospital. Approximately 45 minutes later, defendant returned home and learned that plaintiff had been hospitalized. Later that night, defendant observed the ladder leaning against his pool cabana approximately four to five feet

from the dead tree. The bow saw was on the ground approximately five to six feet from the tree. The following day, defendant observed that the fifth rung was broken. He testified that it was not broken when he last saw it in February 1996. Medical records indicated that plaintiff informed an emergency medical technician and a nurse that he had fallen from a hunting stand positioned 20 feet up in a tree. Defendant testified that he did not have a tree stand on his one-acre parcel and plaintiff did not bring any hunting equipment with him when he arrived.

In rendering its verdict of no cause of action, the jury indicated on the verdict sheet that plaintiff fell on defendant's premises, the ladder on defendant's premises was unsafe, defendant did not have actual or constructive knowledge of the ladder's unsafe condition prior to the accident, defendant created an unsafe condition, plaintiff did not expressly assume the risk of using the ladder and defendant was negligent, but his negligence was not a substantial factor in causing plaintiff's injuries. Supreme Court denied plaintiff's motion to set aside the verdict, resulting in this appeal.

Initially, plaintiff argues that the jury's finding that defendant's negligence was not a proximate cause of his injuries is against the weight of the evidence. A verdict in favor of a defendant may be successfully challenged as against the weight of the evidence " 'if it can be shown that a preponderance of the proof presented at trial so strongly favored the plaintiff's case "that a contrary verdict could not have been reached upon any fair interpretation of that evidence" ' " (*Todt v Schroon Riv. Campsite*, 281 AD2d 782, 782, quoting *Savage v Snell*, 257 AD2d 794, quoting *Maisonet v Kelly*, 228 AD2d 780, 781; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). " 'In making this inquiry, great deference is given a jury's determination, particularly in negligence actions where the verdict is in favor of the defendant' " (*Todt v Schroon Riv. Campsite, supra* at 782, quoting *Rosabella v Fanelli*, 225 AD2d 1007, 1008).

As noted, plaintiff has no memory of how the accident happened and the fact that it was unwitnessed means that there is no direct proof of how it occurred. The jury was free to find, for example, that plaintiff did not fall from the ladder or, if he did, that the ladder did not break while he was on it or that the broken rung did not cause his fall. From the proof submitted at trial, the jury could have reasonably determined that defendant's negligence was not the proximate cause of plaintiff's injuries. Since the issues of fault and proximate cause were not " 'so inextricably interwoven as to make it logically impossible

to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809, quoting *Rubin v Pecoraro*, 141 AD2d 525, 527; *see, Martonick v Pudiak*, 285 AD2d 935, 936), we find that the jury's verdict was based upon a fair interpretation of the evidence and, therefore, Supreme Court properly denied plaintiff's motion to set aside the verdict on this ground.

Plaintiff also contends that the verdict should have been set aside as the product of juror confusion. With regard to this argument, we first note that Supreme Court properly refused to consider the juror affidavits proffered by plaintiff. "[J]uror affidavits may not be used to impeach a jury verdict absent a showing of exceptional circumstances" (*Capital Med. Sys. v Fuji Med. Sys., U.S.A.*, 270 AD2d 728, 730, *lv dismissed and denied* 95 NY2d 820; *see, Sharrow v Dick Corp.*, 86 NY2d 54, 60-61; *Lustyik v Manaher*, 246 AD2d 887, 889; *Alkinburgh v Glessing*, 240 AD2d 904, 905; *Grant v Endy*, 167 AD2d 807, 807-808). No such showing was made here.

Furthermore, " 'before a new trial is ordered on this basis it must be shown that the jury was substantially confused by the verdict sheet and the charge and was thus unable to make a proper determination upon adequate consideration of the evidence' " (*McElroy v Yousuf*, 268 AD2d 733, 735, quoting *Dunn v Moss*, 193 AD2d 983, 985; *see, Stilloe v Contini*, 213 AD2d 815, 817). Our review of the single question that the jury asked Supreme Court during the deliberations does not persuade us that substantial confusion existed.

Finally, plaintiff argues that Supreme Court erred in charging the defense of express assumption of the risk to the jury. Even assuming, arguendo, that such a charge was erroneous, we conclude that it was harmless given the jury's finding that plaintiff did not expressly assume the risk of using the ladder (*see*, CPLR 2002 ["An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced"]; *see generally, Pratt v Board of Coop. Educ. Servs.*, 251 AD2d 949, 950 n 1).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, with costs.