■ JEFFREY C. SMITH, Respondent, v RICK TAYLOR, Appellant. [757 NYS2d 617] —Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 6, 2002 in Ulster County, upon a verdict following a bifurcated trial rendered in favor of plaintiff on the issue of liability.

In August 1997, plaintiff was injured by a fellow guest, Eric

Collier, at a party in the home of defendant's family. Drinking at the party was widespread among the guests, many of whom, including plaintiff and defendant, were underage. Collier, who was allegedly intoxicated, attacked plaintiff when he attempted to break up a fight, punching plaintiff in the face and knocking him unconscious.

Plaintiff commenced this action against, among others, defendant, asserting causes of action in negligence and under General Obligations Law § 11-100, and against Collier, alleging that Collier struck and beat him. In his answer, defendant asserted a cross claim against Collier for contribution and/or indemnification in an amount to be apportioned and determined at trial. After a bifurcated trial on liability against defendant only, the jury found defendant liable under both causes of action, apportioning 70% of the fault to defendant, 30% to Collier and none to plaintiff. Defendant appeals.

Initially, defendant argues that Supreme Court erred in failing to include a question on the verdict sheet asking, "Did Eric Collier strike the plaintiff * * * by reason of his intoxication?" We disagree. "To determine the propriety of a verdict sheet, 'the interrogatories must be examined in the context of the court's charge'" (*Brewster v Prince Apts.*, 264 AD2d 611, 615-616 [1999], *lv dismissed* 94 NY2d 875 [2000], *lv denied* 94 NY2d 762 [2000], quoting *Booth v Penney Co.*, 169 AD2d 663, 664 [1991]). In order to establish statutory liability, plaintiff was required to demonstrate that he was injured *"by reason of the intoxication* or impairment of ability of any person under the age of [21] years [and that defendant] * * * knowingly cause[d] such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of [21] years" (General Obligations Law § 11-100 [1] [emphasis added]). Here, Supreme Court twice charged the jury that in order to find defendant liable under section 11-100, it must find, among other things, that "Collier by reason of his intoxication caused an injury to [plaintiff]." Given these clear instructions, any error in omitting the requested interrogatory could not have caused the jury substantial confusion and was therefore harmless (*see Mosher v Murell*, 295 AD2d 729, 731 [2002], *lv denied* 98 NY2d 613 [2002]; *Siagha v Salant-Jerome, Inc.*, 271 AD2d 274, 274 [2000], *lv denied* 96 NY2d 714 [2001]).

Defendant is correct, however, that a new trial is required on the negligence cause of action based upon Supreme Court's failure to grant his request for a charge on foreseeability in

connection with the court's instructions to the jury on common-law negligence. "Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property [which includes the] * * * duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987] [citations omitted]).

Here, the evidence adduced at trial indicates that defendant was present in his father's home when the altercation took place, he provided alcohol to his approximately 40 to 60 guests and he knew or should have known that many of his guests were both underage and consuming alcohol. In the context of a summary judgment motion to dismiss a complaint, we have held that similar evidence creates a question of fact regarding "whether it was foreseeable 'that someone would get drunk at the party, engage in a fight, and cause injury to a third party'" (*Lane v Barker*, 241 AD2d 739, 740 [1997], quoting *Comeau v Lucas*, 90 AD2d 674, 675 [1982]; *see also Demarest v Bailey*, 246 AD2d 772, 773 [1998]). Similarly, in the instant case, "foreseeability is * * * for the jury to resolve, with proper and full instructions, [because] varying inferences may be drawn from the facts and evidence" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 329 [1991]). Since the charge confused the jury and thereby prejudiced defendant, a new trial must be held on the issues of defendant's liability in negligence and the proper apportionment of damages (*see* CPLR 2002; *Ferrer v Harris*, 55 NY2d 285, 295 [1982], *amended* 56 NY2d 737 [1982]; *cf. Mosher v Murell, supra* at 731).*

Defendant's remaining arguments are either meritless or academic.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, and matter remitted to the Supreme Court for a new trial on the negligence cause of action and the proper apportionment of damages, and, as so modified, affirmed.

---

* Although the verdict sheet seemingly requires apportionment between defendant and Collier with respect to both causes of action (negligence and under General Obligations Law § 11-100), Supreme Court's instructions to the jury required *apportionment only if* "[d]efendant [was] negligent along with Collier." Upon retrial, the jury should be instructed, if it finds both defendant and Collier are at fault, to "weigh the degree of the *fault* of each" (1B PJI 2:275, at 1267 [3d ed, 2003] [emphasis added]).