■ JOHN F. McDERMOTT, Individually and Doing Business as JEM, INC., Appellant, v CITY OF ALBANY et al., Respondents. [765 NYS2d 903] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Benza, J.), entered March 14, 2002 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) from an amended order of said court, entered March 14, 2002 in Albany County, which, inter alia, denied plaintiff's motion to set aside the verdict as to damages.

In 1984, plaintiff purchased a 5.1-acre, undeveloped parcel in the City of Albany. The property was located in a part of the City that, at the time, had inadequate storm-water drainage, causing regular sewer overflows throughout the neighborhood. In response to the resulting health and safety concerns, defendants undertook the Buckingham Drive Storm Water Separation Project to divert storm water out of the sanitary sewer system. As a result, storm water was directed onto plaintiff's property and, in the years since the project was completed in 1990, eroded a preexisting streambed into a silt-laden ravine that, in places, is more than seven feet wide and six feet deep.

Plaintiff commenced this action in 1991 alleging, among other things, that defendants' diversion of storm water was a trespass or a de facto taking of his property. At the close of plaintiff's trial proof, however, he withdrew the taking claim. After all of the remaining claims, except the trespass claim, were either withdrawn or dismissed, a jury returned a verdict finding that although defendants had trespassed upon plaintiff's property, plaintiff had failed to prove any money damages. Supreme Court denied plaintiff's postverdict motion for money damages and a permanent injunction and awarded him $0.06 in nominal damages.

On appeal, plaintiff first contends that Supreme Court should have enjoined defendants from continuing to divert storm water onto his property. We disagree. To be entitled to a permanent injunction, plaintiff was required to establish not only irreparable harm, but also the absence of an adequate legal remedy (see DiMarzo v Fast Trak Structures, 298 AD2d 909, 911 [2002]; McNeary v Niagara Mohawk Power Corp., 286 AD2d 522, 525 [2001]). In his complaint, plaintiff alleged a de facto taking, which, if proved, could have resulted in the legal remedy of money damages (see e.g. Sassone v Town of Queensbury, 157 AD2d 891, 893 [1990]). Having withdrawn this claim, however, plaintiff deliberately limited his available remedies. That plaintiff may now be deprived of a legal remedy is solely the result of his own decision to withdraw the claim, an insufficient basis for a permanent injunction.

Furthermore, "[a]n equity court is not bound to decree an injunction where it will produce great public or private mischief, merely for the purpose of protecting a technical or unsubstantial right" (McCann v Chasm Power Co., 211 NY 301, 306 [1914]). It is uncontroverted that the project was necessary to correct a serious threat to public health, safety and welfare. In contrast, the jury found that plaintiff had no

quantifiable damages as a result of defendants' trespass. Under these circumstances, Supreme Court appropriately found that the balance of equities did not favor an injunction (*see DiMarzo v Fast Trak Structures, supra* at 911; *Danchak v Tuzzolino,* 195 AD2d 936, 937-938 [1993]).

Plaintiff's argument that he is entitled to past and future rent is equally unavailing. Although diminution in rental value can be an appropriate measure of damages for trespass (*see Litwin v Town of Huntington,* 248 AD2d 361, 361 [1998]; *Rose Val. Joint Venture v Apollo Plaza Assoc.,* 178 AD2d 695, 697 [1991]), plaintiff did not seek such damages at any time prior to the jury's verdict. As such, plaintiff's attempt to introduce this new theory of damages on a motion to settle the judgment is improper (*see* 22 NYCRR 202.48).

Plaintiff alternatively contends that the verdict should have been set aside as to damages because Supreme Court improperly precluded expert testimony regarding the cost to cure the damage on his property and because the jury instructions improperly shifted the burden of proof on the issue of damages. Again, we disagree. The traditional measure of damage to real property due to trespass is the lesser of the diminution in value of the property or the cost to repair, with plaintiff bearing the burden to prove one or the other (*see Jenkins v Etlinger,* 55 NY2d 35, 39 [1982]; *Prashant Enters. v State of New York,* 228 AD2d 144, 147-148 [1996]). Here, plaintiff's expert sought to testify that the cost to restore the property to its preproject condition exceeded $800,000, several times greater than the unchanged $102,000 value of the property. Inasmuch as plaintiff's potential recovery would have been limited to the lesser of those two amounts in any event, plaintiff was not prejudiced by Supreme Court's exclusion of this testimony (*see* CPLR 2002).

Turning to the jury charge, plaintiff maintains that Supreme Court's failure to instruct the jury regarding the parties' respective burdens of proof on damages resulted in juror confusion sufficient to warrant setting aside the resulting verdict. In our view, however, Supreme Court properly instructed the jury that plaintiff could recover either for diminution in market value or the cost of restoration and, since plaintiff offered proof on *both* measures of damages, we see no prejudice arising from Supreme Court's failure to assign a burden of proof to defendants (*see* CPLR 2002; *Nestorowich v Ricotta,* 97 NY2d 393, 400 [2002]; *Mosher v Murell,* 295 AD2d 729, 731 [2002], *lv denied* 98 NY2d 613 [2002]; *cf. Smith v Taylor,* 304 AD2d 902, 903-904 [2003]). Accordingly, plaintiff's motion to set aside the verdict was properly denied.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Ordered that the judgment and amended order are affirmed, with costs.