■ Robert D. Harmon, Appellant-Respondent, v BIC Corporation, Respondent-Appellant. [792 NYS2d 656]—

Spain, J. Cross appeals from a judgment of the Supreme Court (Canfield, J.), entered December 11, 2003 in Rensselaer County, upon a verdict rendered in favor of defendant.

Plaintiff commenced this action sounding in strict products liability and breach of implied warranty to recover for injuries he sustained at his place of employment on January 27, 1997 when, after lighting a cigarette, he placed his lighter—which he claims to have been manufactured by defendant—into the pocket of the flannel shirt he was wearing and the shirt caught fire. Following a trial, the jury returned with a verdict for defendant on the basis that the lighter which allegedly caused the accident was not manufactured by defendant. On plaintiff's appeal, we affirm.*

At trial, conflicting evidence was presented on the issue of whether a BIC lighter was involved. The lighter did not remain in plaintiff's possession when he was taken to the hospital, but he testified that he returned a week later and obtained the lighter from one of the two receptionists at his workplace. He introduced that lighter—a BIC—at trial and explained that he had purchased the lighter the day prior to the accident at a local convenience store and used it no more than 10 to 20 times. Two witnesses testified that plaintiff stated at the scene that he had been burned by a BIC lighter. Defendant, however, introduced expert testimony that the lighter produced at trial could not have been the lighter described by plaintiff because the condition of the flint proved that it had been struck approximately 2,000 times. The two receptionists also testified that they never had the subject lighter in their possession and had not returned it to plaintiff.

---

* Defendant cross-appeals from a pretrial order of Supreme Court denying its motion for summary judgment. In light of our disposition on plaintiff's appeal, defendant's cross appeal is academic.

On appeal, plaintiff contends that Supreme Court erred in failing to provide a "clarifying charge to the jury regarding plaintiff's burden of proof on the identification of the lighter." At a charge conference held after plaintiff rested, defendant argued that the jury should be instructed that it needed to find that the BIC lighter introduced at trial was the lighter involved in the accident, whereas plaintiff asserted that it need only find that any BIC lighter was involved in the accident. The court agreed with plaintiff, and the first question on the verdict sheet read: "Was the lighter involved in this incident a BIC lighter?" Relevant portions of the court's charge on this issue read: "You must make a determination as to whether or not the lighter which caused the plaintiff's injuries was manufactured by [defendant] . . . Plaintiff must prove by a fair preponderance of the evidence that a BIC lighter was a [sic] defective. *In this case, if you find that the lighter which caused plaintiff's injury itself was either destroyed or lost or discarded and that thus [sic] unavailable for this trial, then the plaintiff's case rests on circumstantial evidence.* Then in order to find that the product was defective you must be satisfied that the evidence permits you to infer two things: First, that the evidence excludes all explanations for the occurrence, except that the product was defective; second, that the circumstances surrounding the occurrence were such that it would not have occurred unless the product was defective" (emphasis added). Plaintiff made no objection to the verdict sheet or this portion of the charge at the close of the charge conference or when the court asked for any further objections to the charge or verdict sheet just prior to closing arguments. However, following closing arguments, plaintiff asked the court to add an instruction to the charge, further clarifying that the jury need not find that the lighter involved in the accident was the lighter produced at trial. Supreme Court denied the request.

Before a new trial is ordered on the ground of juror confusion, "it must be shown that the jury was substantially confused by the verdict sheet and the charge and was thus unable to make a proper determination upon adequate consideration of the evidence" (*Dunn v Moss*, 193 AD2d 983, 985 [1993]). During deliberations, at the jury's request, the entire jury charge regarding liability was read back to the jury because the first reading of that portion of the charge was difficult to hear due to street noise. However, no indication was made by the jury that the language of the charge confused the jurors. We conclude that the charge given the jury clearly permitted it to find liability without finding that the lighter produced at trial was the lighter involved in the accident and plaintiff has made no show-

ing of any juror confusion with respect to that issue (see *Murphy v Finer Home Alterations*, 300 AD2d 782, 783 [2002]; *Mosher v Murell*, 295 AD2d 729, 731 [2002], *lv denied* 98 NY2d 613 [2002]; *Dillman v Albany R.C. Diocese*, 237 AD2d 767, 767-768 [1997]). Moreover, because we find no basis to support plaintiff's position that the charge and verdict sheet, when read together, caused substantial juror confusion on the issue that proved determinative—whether a BIC lighter was involved—plaintiff's further arguments need not be addressed. Plaintiff's remaining claims are unpreserved.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.