■ ANTONIO ALVARADO, Respondent, v BRENDAN M. DILLON, Appellant, and LINDSEY M. KESTEN, Respondent, et al., Defendants. (Action No. 1.) STEVEN FLOOD, Respondent, v BRENDAN DILLON, Appellant. (Action No. 2.). [888 NYS2d 673]—

Spain, J. Appeals (1) from a judgment and an amended judgment of the Supreme Court (Sackett, J.), entered November 2, 2007 and August 25, 2008 in Sullivan County, upon a verdict rendered in favor of, among others, plaintiff in action No. 1, and (2) from an interlocutory judgment of said court, entered April 8, 2009 in Sullivan County, upon a verdict rendered in favor of plaintiff in action No. 2.

This appeal arises from a three-car accident involving a State Trooper in the process of responding to an emergency call. On the evening of June 19, 2002, in the Town of Thompson, Sullivan County, defendant Brendan M. Dillon, a State Trooper, was driving westbound at a high rate of speed on Route 17B, in response to a report of a domestic disturbance. Defendant Lindsey M. Kesten was also traveling westbound on Route 17B, and was stopped waiting to make a left hand turn. Although conflicting reports regarding the rate and manner in which Dillon was traveling were presented at trial, it is undisputed that, upon approaching Kesten's car from behind, Dillon swerved to

his left into the eastbound lane to avoid a collision. In doing so, he first collided with plaintiff Steven Flood's vehicle, and then, as the patrol car rolled over, with plaintiff Antonio Alvarado's vehicle.

Alvarado commenced action No. 1 against, among others, Dillon, Kesten and Flood. Flood brought action No. 2 against Dillon. The claims against Flood were eventually discontinued and a joint trial was held to determine liability. A jury found Dillon liable to both Alvarado and Flood, and found Kesten not liable. A subsequent trial on damages was held in action No. 1, resulting in a judgment to Alvarado for an amount that included ordinary litigation expenses. A judgment and amended judgment were entered in action No. 1 reflecting the award to Alvarado and the jury verdict in favor of Kesten. To date, no trial has been held in action No. 2 to determine damages, but an interlocutory judgment was entered reflecting the finding of Dillon's liability to Flood. Dillon now appeals from all three judgments.

Dillon first contends that the jury charge in the trial to determine liability, regarding the standard of care owed by him, was confusing and therefore warrants a new trial.* When responding to an emergency, an on-duty police officer's conduct "may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *see* Vehicle and Traffic Law § 1104 [e]; *Ayers v O'Brien*, 60 AD3d 27, 30 [2008]). Because Dillon was responding to an emergency at the time of the accident, he was only liable if the jury concluded that he had acted recklessly, while Kesten could be liable for ordinary negligence (*compare* Vehicle and Traffic Law § 1104, *with* Vehicle and Traffic Law § 1144).

"Before a new trial is ordered on the ground of juror confusion, 'it must be shown that the jury was substantially confused by the verdict sheet and the charge and was thus unable to make a proper determination upon adequate consideration of the evidence' " (*Harmon v BIC Corp.*, 16 AD3d 953, 954 [2005], quoting *Dunn v Moss*, 193 AD2d 983, 985 [1993]; *see Tel Oil Co. v City of Schenectady*, 303 AD2d 868, 872-873 [2003]). Here, Dillon asserts that Supreme Court erred in reciting the statutory language (*see* Vehicle and Traffic Law § 1104) rather than giving a more complete instruction. While the statutory language may be confusing standing alone (*see Saarinen v Kerr*,

---

* Contrary to plaintiffs' assertions that this issue was not preserved for appeal, the record reflects that Dillon made a specific objection to the charge when Supreme Court first asked the parties for exceptions on the record.

84 NY2d 494, 500 [1994]), the court did not rely solely on the statute in its charge to the jury. After reading the statute, the court went on to give a charge that closely mirrored PJI 2:79A and, on multiple occasions during its charge, referenced the fact that Dillon and Kesten were to be judged by different standards (*see* PJI 2:79A). Additionally, the verdict sheet very clearly indicated these differing standards. Furthermore, there is no tangible evidence that the jury was confused in this case as it did not request a clarification on the instructions given (*see Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002]).

Next, Dillon argues that Supreme Court failed to properly charge the jury regarding the consideration of departmental rules as a factor in determining whether the standard of care was met. Specifically, Dillon correctly points out that when a court instructs a jury that it may consider departmental guidelines in its assessment of due care, it must also instruct the jury that it may do so only upon first determining that the allegedly violated departmental guidelines "imposed a standard of care no greater than that required of [a police officer] under the reckless disregard standard" (*Brkani v City of New York*, 211 AD2d 740, 742 [1995]).

Defendant concedes, however, that he failed to preserve this issue before Supreme Court. Indeed, he requested the very charge given by Supreme Court, consistent with PJI 2:79A. Further, although we may order a new trial upon an unpreserved error in a jury charge when that error is fundamental (*see Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975, 977 [2005], citing *Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002]; *see also Pagnotta v Diamond*, 51 AD3d 1099, 1100 [2008]), here we find no such error. The charge set forth many factors that the jury could consider in determining whether the requisite standard of care was met and, viewing the charge as a whole, we find that the jury was not prevented from fairly considering the issues at trial (*see Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d at 976). Accordingly, a new trial is not warranted on this basis.

Finally, we find merit to Dillon's assertion that Supreme Court erred in awarding Alvarado ordinary litigation costs as disbursements. Citing CPLR 8201, 8301 and 8303 (a), the court awarded Alvarado in excess of $20,000 in costs and disbursements, including expert witness fees in the sum of $17,750. The fees of expert witnesses are not proper disbursements under any subdivision of CPLR 8301 unless extraordinary circumstances are established (*see Matter of Board of Educ. of Northport-E. Northport Union Free School Dist. v Ambach*, 90

AD2d 227, 242 [1982], *affd for reasons stated below* 60 NY2d 758 [1983], *cert denied* 465 US 1101 [1984]). Moreover, "[i]t is a well-grounded and sound rule that generally in negligence cases the provisions of CPLR 8303 are not applicable" (*McGrath v Irving*, 24 AD2d 236, 239-240 [1965], *lv denied* 17 NY2d 419 [1966]; *see Marcus v New York City Hous. Auth.*, 80 AD2d 844, 844-845 [1981]). Contrary to the court's finding, we cannot say that this case meets the "difficult or extraordinary" criteria contemplated in the statute which, incidentally, limits any such discretionary award to $3,000 (*see* CPLR 8303 [a] [2]; *Matter of Board of Educ. of Northport-E. Northport Union Free School Dist. v Ambach*, 90 AD2d at 241-242). Accordingly, we deny that part of Alvarado's list of disbursements that covers fees related to the testimony and reports of expert witnesses ($17,750) and reduce the court's award of costs and disbursements to $2,398.44, still recognizing the court's discretion regarding disbursements under CPLR 8301 (a) (12).

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the judgment and amended judgment are modified, without costs, by reversing so much thereof as awarded plaintiff Antonio Alvarado disbursements related to expert witnesses and grants relief under CPLR 8303, and, as so modified, affirmed.

Ordered that the interlocutory judgment is affirmed, without costs.