■ RUTH STILLMAN, Respondent, v. DAVID W. FRANKEL, Doing Business as 6465 REALTY Co., Appellant, et al., Defendant.— Judgment, Supreme Court, New York County, in favor of plaintiff, entered November 26, 1973, upon a verdict rendered at Trial Term, reversed on the law and the facts, without costs and without disbursements, judgment vacated, and judgment is directed to be entered in favor of the appellant dismissing the complaint herein. Plaintiff, an elderly lady, 86 years of age at the time of the accident, while approaching the East New York Savings Bank, located on the Northeast corner of Third Avenue at East 64th Street, in the Borough of Manhattan, New York City, fell across two steps in a private plaza in front of the bank. The premises were owned by the appellant. The basis of her claim against the owner is that the steps leading to the bank were defectively designed, or alternatively, that because they were constructed of the same concrete material as the plaza itself they gave the optical effect of being on one level with the main portion of the plaza. The claim of defective design was sought to be supported by the absence of a handrail or other warning to indicate the presence of steps at the site of her injuries. Plaintiff's counsel conceded at the time of trial that there was no claim of any defect in the steps where plaintiff fell, and also there was no claim that the steps violated any provision of the Administrative Code. The record also discloses that the building plans, including the plaza, were approved by the New York City Department of Buildings, and that the premises were built in conformity with those plans. Plaintiff, at the trial, testified that she had been going to the bank approximately every month or two for about a year and a half, and thus knew of the existence of the steps. A review of the record, including the photographs depicting the scene of the accident, leads us to conclude that her complaint should have been dismissed, on the ground that the steps on which she fell did not constitute a dangerous or actionable condition. (*Union Bank & Trust Co. of Los Angeles* v. *Hattie Carnegie, Inc.*, 1 A D 2d 199; *Brooks* v. *Bergdorf-Goodman Co.*, 5 A D 2d 162; *Schreiber* v. *Philip & Morris Rest. Corp.*, 25 A D 2d 262.) The record is devoid of any evidence that the area of the accident constituted a trap or dangerous condition, of which

defendant failed to give adequate warning. Particularly dispositive of this case is *Brooks* v. *Bergdorf-Goodman* (*supra*, p. 163) where the court said, what here must be said: "Assuming as claimed, that plaintiff's fall was the result of her failure to observe the steps, then we think on this record that such failure could not have resulted from any 'optical confusion' but was caused entirely by plaintiff's own carelessness. In the circumstances we hold that plaintiff has not made out a case of negligence against the defendant and that she was guilty of contributory negligence as a matter of law." We note the statement in the minority opinion: " This was the first time she had traversed this route. On prior occasions, she approached the building from the opposite direction." This statement, if true, is of little moment and would not sway us to a contrary conclusion. But the record does not support the minority observation. On cross-examination, the plaintiff conceded that though she "usually" approached the bank from the opposite direction, she refused to swear she had never previously walked up the steps where the accident occurred. The accident herein was unfortunate, but it must be sensibly attributed, not to the negligence of defendant, but to a misstep by an elderly person, arising from a momentary failure of observation, or distraction, not uncommon to people in the plaintiff's age group. Concur — McGivern, P. J., Kupferman, Steuer and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: I would not disturb the ruling of the experienced and able Trial Justice that it was for "the jury to determine whether this condition of these steps, spaced along on this block frontage in the light of the physical conditions of the sloping of the land and of the absence of any direct indications that there was a step down constituted a dangerous condition." Mrs. Stillman, 86 years old, sustained serious, permanent injuries, when she fell on defendant's property. Her medical, nursing and hospital expenses amounted to approximately $20,000. The jury awarded her the modest sum of $35,000. Plaintiff fell across two steps in a private plaza, in front of defendant's building, running parallel to the public sidewalk and separated only by a row of large concrete planters. Several sets of steps divide the plaza. They are not differentiated from the plaza by any markings or strips, nor are they equipped with handrails. Plaintiff testified that although she could see a distance of 30 or 40 feet, she did not see the steps. This was the first time she had traversed this route. On prior occasions, she approached the building from the opposite direction. Plaintiff's claim that the steps were defectively designed in that they could not be seen when approaching them as plaintiff did, finds support in the evidence. An expert called by plaintiff testified that the material, texture and color of the steps where plaintiff fell were exactly the same as that of the plaza, there were no markings or signs to indicate the presence of steps, and there were no handrails. He opined, with a reasonable degree of engineering certainty, that the manner of installation of the steps was improper and constituted a safety hazard. Defendants' expert, while testifying that the construction of the steps was in accordance with good and acceptable building practice, nevertheless agreed that the placing of a handrail in the middle of the steps would alert a passerby to the fact that steps are there. A deceptively safe appearance of one continuous level is clearly established by the photographs of the locus. Whether appellant was negligent by constructing this plaza and the steps in such a manner as to create the false optical effect of one level, was properly submitted to the jury. Its verdict should not be disturbed. (See *Stengel* v. *Louis' Cafeteria*, 7 A D 2d 875, affd. 6 N Y 2d 907; *Bloch* v. *Shattuck Co.*, 2 A D 2d 20; *Heit* v. *Sha-Wan-Ga Lodge*, 288 F. 2d 65.)