■ FRANK BUCICH, Appellant, v CITY OF NEW YORK, Respondent. — Judgment, Supreme Court, New York County (Mercure, J.), entered December 17, 1984, upon a jury verdict in defendant's favor, reversed, on the law and the facts, the judgment vacated and the matter remanded for a new trial, without costs.

Plaintiff Bucich was injured while a passenger aboard the *Andrew Barberi,* a Staten Island ferry owned by the defendant City of New York and operated by its Bureau of Ferries and General Aviation. While attempting to enter the vessel's washroom, the plaintiff, then 76 years old and a retired seaman, tripped over a three-inch threshold or sill and fell, striking a sink. Plaintiff suffered injuries to his head, neck and spine resulting in paralysis.

Both parties presented evidence with respect to the threshold. Plaintiff's experts stated that the sill should have been no more than 1 to 1¼ inches high and should have been painted yellow *according* to the color safety code of the American National Standards Institute, Inc. A naval architect and marine engineer called by the city stated that the sill, designed to prevent water from escaping into the passageway from the washroom, met

with all applicable Federal Maritime Administrative Standards and Specifications. In its instructions to the jury, the court charged that, in pertinent part: "[I]f you find that the condition was defective in that a reasonably prudent person under the circumstances then existing would have anticipated danger to persons using the premises in that condition, you will find that there did exist a defective condition and that such condition was a proximate cause of Plaintiff's injury, you will next consider whether Defendant was negligent."

The charge, while somewhat confusing on the issues of defective condition, proximate cause and negligence, was not objected to at trial. However, the charge's ambiguities were reflected in the jury's responses to the six interrogatories submitted to it. Question number one, "[W]as the Defendant negligent?", was answered affirmatively. The jury then proceeded to answer "no" to question number two, "[W]as the Defendant's negligence, if any, a proximate cause of the incident and resulting injuries to the Plaintiff?" A judgment in favor of the defendant was entered after the court denied plaintiff's motion to set aside the verdict as against the weight of the evidence.

The jury's findings with regard to negligence and proximate cause are irreconcilably inconsistent, and the judgment in favor of the defendant cannot stand. As charged by the court, a determination of negligence had to be predicated upon the jury's finding that the washroom's defective condition proximately caused the plaintiff's injuries. Therefore, the jury's response that the defendant was negligent in allowing a defective condition to exist without correction or warning cannot be reconciled with the finding that the condition was not a proximate cause of plaintiff's fall. *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507) is essentially on point in this regard. In that case the Court of Appeals was confronted with interrogatories inconsistent on the issues of foreseeability and proximate cause. The Court of Appeals noted that (p 518), "it was logically impossible for the jury to find that foreseeability was lacking in this case while, at the same time, finding that defendants' negligence was the proximate cause of plaintiff's injury, because, as was implicit in the Trial Judge's instructions, foreseeability is an essential element of negligence (see, generally, Prosser, Torts [4th ed], § 43). Given this apparent inconsistency in the jury's special findings, it would not be feasible at this point to retrace the jury's footsteps and grant judgment for either party on the basis of its answers to the interrogatories."

While the defendant would try to distinguish *Nallan* (*supra*) on the basis that, in the case at bar, the jury's inconsistent

interrogatories dealt with the defendant's negligence and the issue of proximate cause, rather than foreseeability and proximate cause, the fact remains that the interrogatories are incompatible with relation to essential elements of plaintiff's claim. Additionally, although there was testimony to the effect that plaintiff was not looking where he was going when he tripped, his inadvertence, while pertinent to the issue of contributory negligence, does not equate with a lack of proximate cause. (*See, Stillman v Frankel,* 44 AD2d 821, *affd* 36 NY2d 899.) In light of the foregoing, a new trial is warranted. (*Nallan v Helmsley-Spear, Inc., supra;* CPLR 4111 [c].) Concur — Murphy, P. J., Sullivan, Bloom, Milonas and Ellerin, JJ.