■ ELLEN MOORE et al., Appellants, v HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC., Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCabe, J.), entered April 26, 1990, which granted the motion of Health Insurance Plan of Greater New York, Inc., to set aside the jury verdict in the plaintiffs' favor as to liability and granted a new trial.

Ordered that the order is reversed, on the facts, with costs, the motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

This action arises from an accident in which the plaintiff Ellen Moore, a registered nurse, was injured when she tripped over a heating and air conditioning unit in the hallway of a clinic run by the defendant Health Insurance Plan of Greater New York, Inc. (hereinafter HIP). The accident occurred as Moore rushed from the telephone room to answer a telephone call on an emergency telephone on the wall in the area of the nurses' station. Following a trial on the issue of liability, the jury found HIP 70% at fault in the happening of the accident, and Mrs. Moore 30% at fault. The Supreme Court granted HIP's post-trial motion to set aside the jury verdict as against the weight of the evidence, and granted HIP a new trial, finding that Mrs. Moore had not adequately demonstrated that HIP had notice that the placement of the heating and air conditioning unit was dangerous.

The power to set aside a verdict as against the weight of the evidence must be exercised with considerable caution. In the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict. Thus, it has often been stated that a jury verdict should only be set aside if there is no basis upon which the jury could reach it upon any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129; see also, Kozlowski v City of Amsterdam, 111 AD2d 476; Vaughn-Rees v Connolly, 30 AD2d 785, affd 27 NY2d 901; Palermo v Gambit-

*sky,* 92 AD2d 1005). In this case, the evidence established that HIP either had actual notice of the defect, or had constructive notice of the defect, or had created the defect *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Negri v Stop & Shop,* 65 NY2d 625; *Keyes v Jennings Co.,* 150 AD2d 2d 758; *Safran v Man-Dell Stores,* 106 AD2d 560). Thompson, J. P., Harwood, O'Brien and Santucci, JJ., concur.