■ JOANNE CATANZARO et al., Respondents, v KING KULLEN GROCERY CO., INC., Appellant. [599 NYS2d 74] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated February 21, 1991, which denied its motion to set aside the jury verdict in favor of the plaintiffs.

Ordered that the order is affirmed, with costs.

In this case, the plaintiff Joanne Catanzaro slipped and fell on a puddle containing glass while shopping in the defendant's grocery store. After a verdict in favor of the plaintiffs, the Trial Judge refused to set aside the verdict as against the weight of the evidence. We agree. A verdict may only be set aside as against the weight of the evidence when there is no basis upon which a jury could have reached the verdict on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129; *Moore v Health Ins. Plan,* 186 AD2d 118).

Here, the evidence adduced at trial shows that although the plaintiff, her husband, and another customer, were in the store approximately one-half hour before the accident, they did not hear any sounds of breaking glass. Moreover, the other customer was in the immediate vicinity of the accident for approximately 10 minutes before the accident. In addition, there were several employees working in the vicinity of the spillage, and the injured plaintiff's husband testified that the footprints and wheel marks in the area surrounding the puddle were both wet and dry. There was no testimony establishing that this area of the floor was inspected any

sooner than four to five hours before the accident. Thus, there was sufficient evidence from which the jury could impute constructive notice to the defendant. Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.