■ NICHOLAS J. VALENTI, Respondent, v MARIE I. LARA, as Executrix of GUSTAVO A. LARA, Deceased, et al., Appellants. [613 NYS2d 221] —In an action to recover damages for personal injuries, the defendants, Marie Isabel Lara and John Kujawski & Sons, Inc., appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated September 14, 1993, which granted the plaintiff's motion to set aside a jury verdict in their favor as against the weight of the evidence and for a new trial. Marie Isabel Lara also appeals from a resettled order of the same court, which is improperly denominated a

judgment, entered October 21, 1993, which granted the same relief. The appeal of John Kujawski & Sons, Inc., brings up for review the resettled order entered October 21, 1993 *(see,* CPLR 5517).

Ordered that the appeal from the order dated September 14, 1993 is dismissed since that order was superseded by the resettled order entered October 21, 1993; and it is further,

Ordered that the resettled order entered October 21, 1993, is modified, on the law and on the facts, by deleting the provision thereof which granted the branch of the plaintiff's motion which was to set aside the jury verdict in favor of John Kujawski & Sons, Inc., and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified the resettled order is affirmed, and the action against the defendant Marie Isabel Lara, is severed; and it is further,

Ordered that the order dated September 14, 1993 is modified accordingly; and it is further,

Ordered that the defendant John Kujawski & Sons, Inc., is awarded one bill of costs payable by the respondent.

On June 25, 1987, at about 6:51 A.M., the plaintiff, Nicolas J. Valenti, was driving eastbound on Sound Avenue, a two lane road in Jamesport, Long Island. Gustavo A. Lara (hereinafter Lara) was driving in the westbound direction. Lara's car crossed the yellow line of Sound Avenue and struck the plaintiff's car. The plaintiff sustained serious injuries as a result of the accident.

At a trial on the issue of liability, the plaintiff's primary theory of negligence was that Lara had been driving in excess of the speed limit when he drove through a puddle on the side of the road, hydroplaned, and lost control of his car, which skidded into the plaintiff's car. The plaintiff alleged that the puddle was created by run-off from irrigation being done by the defendant, John Kujawski & Sons, Inc. (hereinafter Kujawski), on its farm which borders the west side of Sound Avenue at the location of the accident.

The defendant Marie Isabel Lara, the executor of the estate of Gustavo A. Lara, presented evidence that, immediately before the accident, a Volvo was passing the plaintiff's car, traveling eastbound in the westbound lane. The executor argued that Lara saw the Volvo in his lane, coming at him, and, presented with an emergency situation, he drove into the puddle on the side of road, hydroplaned, and lost control of his car, which skidded into the plaintiff's car.

The defendant Kujawski presented evidence that Lara never

drove into the puddle. Kujawski, therefore, argued that the puddle, which might have been from rain water or from irrigation water, did not cause the accident.

At the conclusion of the evidence, the jury returned a verdict in favor of both of the defendants. The jury found that Lara was not negligent in the operation of his motor vehicle. The jury also found that, while Kujawski was negligent in permitting its irrigation water to run onto Sound Avenue, Kujawski's negligence was not the proximate cause of the accident.

The plaintiff moved to set aside the verdict as against the weight of the evidence. Upon written submissions by all of the parties, the court granted the plaintiff's motion with respect to both defendants and ordered a new trial.

On appeal, the executor of the estate of Gustavo A. Lara contends that the jury could have reasonably determined that Lara was presented with an emergency situation causing him to lose control of his car, to skid across the yellow line, and to strike the plaintiff's car. We disagree. It is without question that Lara's car crossed the yellow line and struck the plaintiff's car, which was traveling within the speed limit in the eastbound lane. Moreover, the evidence presented at trial regarding the presence of the Volvo does not suggest that Lara was presented with an emergency situation *(see,* Vehicle and Traffic Law § 1126 [a]). To the contrary, the evidence clearly indicates that the Volvo had already passed the plaintiff's car and that it was at least five car lengths in front of the plaintiff's car at the time of the accident. Therefore, the verdict finding Lara entirely free from negligence could not have been reached upon "any fair interpretation of the evidence" *(Tarantino v Vanguard Leasing Co.,* 187 AD2d 422). Accordingly, the trial court properly set aside the verdict in favor of Lara's estate as against the weight of the evidence *(see, Micallef v Miehle Co.,* 39 NY2d 376).

However, with respect to the defendant Kujawski, the verdict should be reinstated. The jury's determination that any negligence on the part of the defendant Kujawski was not the proximate cause of the accident could easily have been reached upon a fair interpretation of the evidence presented at trial *(see, Moore v Health Ins. Plan,* 186 AD2d 118; *Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

The defendant Marie Isabel Lara's remaining contention is without merit. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.