■ TARA MOSKOWITZ et al., Appellants, v MICHAEL B. ISRAEL, Respondent. [619 NYS2d 152] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lerner, J.), dated April 13, 1993, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

On November 26, 1990, the plaintiff Tara Moskowitz was injured when she came into contact with the defendant's car while crossing Willets Point Boulevard in Queens, New York. The defendant testified that he did not see Tara until she was about five feet from his car and that Tara ran into the side of his vehicle. The jury found that even though the defendant was negligent, the injured plaintiff's actions were the sole proximate cause of the accident.

The jury's verdict may only be set aside as being against the weight of the evidence when there was no basis upon which the jury could have reached its verdict on any fair interpretation of the evidence (see, Catanzaro v King Kullen Grocery Co., 194 AD2d 584; Nicastro v Park, 113 AD2d 129). In the instant case, the injured plaintiff testified that except for a brief glance before she began crossing this four-lane road diagonally, she never looked to her right for on-coming traffic. Therefore, her own testimony clearly established a basis on which the jury could reasonably have reached its verdict.

We have examined the plaintiffs' remaining contention and find that it is unpreserved for appellate review and, in any event, does not warrant reversal. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.