■ Gemma Briccio, Appellant, v John R. Disbrow et al., Respondents. [622 NYS2d 561] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and

judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered July 2, 1993, which, upon a jury verdict finding that the defendants' negligence was not a proximate cause of the accident, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

A jury's verdict may only be set aside as being against the weight of the evidence when there was no basis upon which the jury could have reached its verdict on any fair interpretation of the evidence (*Catanzaro v King Kullen Grocery Co.,* 194 AD2d 584; *Nicastro v Park,* 113 AD2d 129). In the instant case, there was ample testimony from which the jury could reasonably conclude that the plaintiff pedestrian was crossing Route 9, outside of any designated crosswalk and without looking for oncoming traffic to her right, when she was hit by the defendants' car. Therefore, even though the defendant Brenna M. Disbrow was negligent, the plaintiff's actions were the sole proximate cause of the accident (*see also, Moskowitz v Israel,* 209 AD2d 676). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.