OPINION OF THE COURT
Martin Schneier, J.
*254 Has the recent revision of the New York Pattern Jury-Instructions (PJI) affected any change in the law regarding "proximate cause”? This is the issue presented to the court.
This bifurcated personal injury action was tried before a jury and a liability verdict rendered in favor of the defendant. After the verdict, the plaintiff moved to set the verdict aside; that motion was denied. The plaintiff now moves to renew and reargue the motion. The motion for reargument is granted. Upon reargument, the court makes the following findings of fact and conclusions of law:
Findings of Fact
The facts of this accident are not in dispute. The plaintiff was working on an A-frame ladder applying fireproofing. The plaintiff’s ladder was then struck by a wheelbarrow being used by an employee of the defendant, causing the plaintiff to fall from the ladder. The jury’s answer to the first interrogatory submitted to it, "Was the defendant negligent?” was "Yes”. The jury then proceeded to answer "No” to question number two: "Was the negligence of the defendant a substantial factor in causing the accident?”
Conclusions of Law
The plaintiff contends that the jury’s answers to the interrogatories are inconsistent. The plaintiff argues that, because the only negligence at issue was the wheelbarrow striking the ladder, and there was no dispute that this is what precipitated the plaintiff’s fall. The defendant’s negligence was, as a matter of law, a substantial factor in causing the accident. In support of this argument the plaintiff cites Bucich v City of New York (111 AD2d 646 [1st Dept 1985]).
In Bucich (supra), the plaintiff was injured when he tripped over a defective doorsill on the Staten Island Ferry. The jury found that the defendant was negligent in providing a defective doorsill, but also found that the negligence was not a proximate cause of the accident. The First Department reversed, stating, "[t]he jury’s findings with regard to negligence and proximate cause are irreconcilably inconsistent, and the judgment in favor of the defendant cannot [be allowed to] stand” (supra, at 647).
In Bucich (supra), however, the Court’s jury instructions required the jury to find that the defendant was negligent only if they also found that the negligence was a proximate cause of the accident. Thus, the Court’s ruling was predicated on the *255 fact that the verdict was inconsistent with the instructions. In the case at bar, there is no inconsistency between the instructions and the verdict.
Bucich (supra) was subsequently expanded on in Brecht v Cooper Sands (237 AD2d 907 [4th Dept 1997]). In that case the Fourth Department, citing Bucich, ruled that "[t]he jury’s finding that defendant was negligent in allowing a dangerous condition to exist at the entranceway of its restaurant cannot be reconciled with the finding that the condition was not a proximate cause of plaintiff’s fall” (supra, at 907). Accordingly, the Court affirmed the trial court which granted plaintiff’s motion for a new trial on the ground that the verdict was inconsistent and against the weight of the evidence.
Although the facts of Brecht (supra) are remarkably similar to those of the case at bar, further discussion is necessary because the jury in Brecht was instructed with regard to "proximate cause”. The current edition of the New York Pattern Jury Instructions has ceased to use the term "proximate cause” (compare, 1A NY PJI 2:70 [3d ed 1996], with 1 NY PJI 2:70 [2d ed 1995 Supp]). The reason for the change is that the word "proximate” is confusing to the lay juror and, because it does not communicate causation, it is also not descriptive of the substantial factor concept (1A NY PJI 291 [3d ed 1996]).
In the case at bar, the jury was instructed, in accordance with the current version of the PJI, that they should consider whether the defendant’s negligence was a "substantial factor” in causing the accident, and were not instructed with respect to "proximate cause”. Except for the deletion of the word "proximate”, the new instruction is identical to the older one. Accordingly, a plaintiff is still required to show that the defendant’s negligence was a substantial causative factor in the sequence of events that led to the accident (Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507 [1980]). The considerations that are to be weighed in determining whether an act is a substantial factor in causing an accident involve time, degree of connection and space (Mack v Altmans Stage Light. Co., 98 AD2d 468 [2d Dept 1984]). Applying this standard to the facts of the case, the court finds that the defendant’s negligence was contemporaneous with the accident, the degree of connection was direct and unbroken and there was no space between the negligence and the accident. Furthermore, the defendant’s negligence was active as opposed to passive.
Because the difference between old and new formulations of the proximate cause definition are merely semantic, the *256 court finds that the law governing cases decided under the old definition is fully applicable to those tried pursuant to the new definition. Having applied this law, the court rules that the jury’s finding that defendant was negligent in causing the wheelbarrow to strike plaintiff’s ladder cannot be reconciled with the finding that this act by defendant was not a "substantial factor” in causing plaintiff’s fall from the ladder. This verdict was, therefore, inconsistent and against the weight of the evidence. The court also finds that the facts of the Brecht case (supra) are similar enough to mandate this outcome.
Accordingly, the plaintiffs motion to set aside the verdict is granted and this matter is remanded to the TAP Calendar for a new trial on the issue of liability.