■ Douglas Palmateer, Respondent, v Bruce Whitcavitch, Sr., Appellant. [681 NYS2d 883] —Crew III, J. Appeal from a judgment and amended judgment of the Supreme Court (Best, J.), entered June 30, 1997, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action seeking to recover for the injuries he sustained on July 24, 1994 when he fell from a hay wagon. At the time of the accident, defendant and his son, Bruce Whitcavitch, Jr. (hereinafter Whitcavitch), were haying a field owned by Lyman Avery and located in the Town of Johnstown, Fulton County; defendant was operating the tractor which, in turn, was pulling the baler and, to the rear of that, the hay wagon from which plaintiff fell. Following joinder of issue and discovery, the matter proceeded to trial, during the course of which plaintiff, his girlfriend (Jennifer Nalli), defendant and Whitcavitch offered testimony as to the circumstances surrounding the accident. At the close of proof, Supreme Court granted the motion to dismiss as to Whitcavitch and the case went to the jury as to defendant and Avery.

For their deliberations, the jury was given a special verdict sheet, pursuant to which they first were asked whether defendant was negligent. The jury responded affirmatively. As to the second question, "whether such negligence was a substantial factor in causing plaintiff's injury", the jury responded, "No". The jury also concluded, in response to question No. 3, that Avery was not negligent. Notwithstanding these findings, the jury then proceeded, in response to question No. 7, to apportion liability between plaintiff (75%) and defendant (25%). Supreme Court, deeming the verdict to be inconsistent, again charged the jury as to proximate cause and, after the jury

continued to express confusion as to the meaning of the phrase "substantial factor", attempted to clarify the use of that term. Upon resuming deliberations, the jury changed its answer to question No. 2, finding that defendant's negligence indeed was a substantial factor in causing plaintiff's injury and awarding $550,000 in damages. Defendant's subsequent motion to set aside the verdict was denied, prompting this appeal.

In reviewing the motion to set aside the verdict as against the weight of the evidence, our inquiry distills to whether the evidence so preponderated in favor of defendant that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Dillman v Albany R. C. Diocese*, 237 AD2d 767, 768). Although we are mindful of the deference to be accorded to the credibility determinations made by the jury (*see, Whitmore v Rowe*, 245 AD2d 669, 670), as well as the jury's assessment of conflicting evidence (*see generally, Casey v Slattery*, 213 AD2d 890, 892), we are constrained to conclude, based upon our review of the record before us, that there simply is no credible evidence to support the jury's finding that defendant was negligent.

Viewing the evidence in the light most favorable to plaintiff, as we must (*see, Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 782, *lv dismissed* 92 NY2d 942), the proof establishes that immediately prior to the accident, Whitcavitch and defendant were in the process of baling hay; as noted previously, the hay wagon was attached to the baler which, in turn, was attached to the tractor operated by defendant. Plaintiff, who already had raked a portion of the field at defendant's request, signaled to defendant to stop the hay wagon and, when the wagon came to a halt, he and Nalli hopped on to assist Whitcavitch with the baling effort. As the wagon started up again, plaintiff moved to the rear of the wagon to receive and stack the bales of hay that Whitcavitch pulled from the baler. Plaintiff testified that after stacking only a few bales of hay, he felt the wagon "stop for just a split second" and then resume its forward progress, causing him to lose his balance and fall off the rear of the wagon.

Although the foregoing is sufficient to establish that plaintiff was injured while helping defendant bale hay, plaintiff's proof does not establish either a defect in the field itself or a deficiency in defendant's operation of the tractor. By all accounts, defendant was driving the tractor through the field quite slowly, with plaintiff describing the pace as "like a walk", and there is nothing in the record to suggest that defendant's

operating speed was excessive or imprudent given the existing conditions. As to the condition of the field itself, although Nalli attempted to portray the terrain as rutted and bumpy, she conceded on cross-examination that she did not actually see a hole, trench or rut in the area where plaintiff fell.

Additionally, while Nalli testified that the wagon dipped "several inches" immediately prior to plaintiff's fall, her opinion in this regard was based upon the fact that she felt grass brush her feet. Although the precise height of the wagon was not definitively established, Nalli testified that the floor or deck of the wagon was "quite a ways up off the ground" and that sitting on the deck with her feet over the edge, her feet would not touch the ground. Thus, Nalli deduced, it would have been "almost impossible" for her to feel grass on her feet unless the wagon dipped several inches (presumably due to a hole or rut in the field) prior to plaintiff's fall. Nalli conceded on cross-examination, however, that she did not know the nature of the grass that she encountered, i.e., she did not know whether she felt grass that was lying at ground level, grass that previously had been cut and raked or grass that the cutter had missed altogether. Finally, as to certain photographs, taken more than two years after plaintiff's accident, depicting what plaintiff described as a "blind ditch", plaintiff conceded that he did not know how long the ditch had been there or if it was present the day of his accident. Indeed, plaintiff testified that he did not make any observations of the terrain in the vicinity of his accident immediately prior to or after his fall.

Absent some credible evidence that would permit the jury to find, or at least permissibly infer, a defect in either the field itself or the manner in which defendant operated the tractor on the day in question, we conclude that the jury's finding of negligence cannot stand and, as such, Supreme Court erred in failing to grant defendant's motion to set aside the verdict as against the weight of the evidence. In light of this conclusion, we need not address defendant's remaining arguments for reversal.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment and amended judgment are reversed, on the law, without costs, defendant's motion to set aside the jury's verdict granted and complaint dismissed.