■ RALPH CAMPBELL et al., Respondents, v DONNA CRIMI, Appellant. [700 NYS2d 64] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 17, 1999, which, after a jury verdict in her favor, granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict and ordered a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Gomez v Park ·Donuts,* 249 AD2d 266; *Nicastro v Park,* 113 AD2d 129). Since the jury verdict could have been reached upon a fair interpretation of the evidence, it should not have been disturbed (*see, Pedone v B & B Equip. Co.,* 239 AD2d 397; *Nicastro v Park, supra*). The injured plaintiff exited a vehicle which was stopped approximately 50 feet from an intersection, moved between stopped cars, and was struck by the defendant's vehicle in an adjoining lane of traffic. Accordingly, there was ample testimony from which the jury could reasonably have concluded that although the defendant was negligent under the broad duties imposed on a driver, the injured plaintiff's actions were the sole proximate cause of his injuries (*see, Schaefer v Guddemi,* 182 AD2d 808; *Briccio v Disbrow,* 212 AD2d 565; *Moskowitz v Israel,* 209 AD2d 676; *Rubin v Pecoraro,* 141 AD2d 525). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.