■ VICTOR G. ROMAIN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [727 NYS2d 143] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Dye, J.), entered April 7, 2000, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the City of New York; as so modified, the judgment is affirmed, the action against the City of New York is severed, and a new trial is granted on the issue of liability as to that defendant, with costs to abide the event.

The plaintiff Victor Gregory Romain (hereinafter the plaintiff) was struck by a vehicle operated by the defendant Glenn Price and owned by the defendant Ways Leasing Corp. as he was crossing Rockaway Boulevard at 142nd Street. The plaintiff claimed that a New York City Sanitation truck illegally parked in the left-turn lane on Rockaway Boulevard obstructed the crosswalk at the intersection. The plaintiff therefore walked around the back of the truck and, as he

stepped out from behind the truck, he was struck by Price's vehicle. Although the defendant City of New York (hereinafter the City) contended that there was no garbage truck at that location and that the plaintiff had manufactured the claim, the jury, apparently crediting the testimony of various witnesses who testified that the truck was in fact there, found that the City was negligent. It concluded, however, that the City's negligence was not a proximate cause of the accident. The jury also found that Price was not negligent.

The plaintiffs correctly contend that the verdict in favor of the City was against the weight of the evidence. No fair interpretation of the evidence supports a finding that the negligent obstruction of the crosswalk by an illegally parked vehicle was not a proximate cause of the accident (*see, Panariello v Ballinger,* 248 AD2d 452).

Contrary to the plaintiffs' contention, the verdict in favor of Price and Ways Leasing Corp. was not against the weight of the evidence.

The plaintiffs' remaining contentions are unpreserved for appellate review. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.