■ NANCY MARTONICK, Appellant, v STEVEN PUDIAK et al., Respondents. [727 NYS2d 829] —Mercure, J. P., Appeal from an order of the Supreme Court (Monserrate, J.), entered April 14, 2000 in Broome County, which denied plaintiff's motion to set aside the verdict as against the weight of the evidence.

Plaintiff commenced this action to recover for damages that she sustained on June 11, 1997, when she tripped on the front-porch steps to a residence owned by defendants, causing her to fall and injure her left hand, fingers and wrist. The matter came on for trial and the jury rendered a verdict finding that, although "defendants were negligent in the maintenance of the walk, steps, and/or railing," their negligence was not "a proximate cause of [plaintiff's] fall." Plaintiff's subsequent motion to set aside the verdict as against the weight of the evidence was denied, and this appeal ensued.

Initially, we agree with Supreme Court's determination that the verdict was not against the weight of the evidence. The trial record is devoid of evidence that the condition of the walkway or steps contributed in any way to plaintiff's injuries. Quite the contrary, plaintiff testified at trial that she "stumbled somehow" while climbing the steps and she freely acknowledged that she had no idea what caused her to trip. On appeal, however, plaintiff focuses on the condition of the porch railing baluster as the proximate cause of her injuries. That theory is supported by plaintiff's trial testimony to the effect that, as she began to fall, she grabbed the right hand railing "post," which gave way, and she then put out her left hand to catch herself. There is no question that the baluster closest to the top of the stairs—the one supporting the porch railing, and not the stairs hand rail, which was on the opposite (left) side of the stairs—had rusted away at the bottom and was in a defective condition. At the same time, the jury also had evidence before it which, if credited, reasonably eliminated the condition of that baluster as a proximate cause of plaintiff's injuries. Notably, defendants' exhibit 24, a two-page written statement that plaintiff gave on June 23, 1997, described the accident in the following terms:

"I began to start up the steps and I do not know what happened but I fell forward and I reached out to catch myself and my left hand must have hit a step."

"A jury's finding that a party was at fault but that [the] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Schaefer v Guddemi*, 182 AD2d 808, 809, quoting *Rubin v Pecoraro*, 141 AD2d 525, 527). Based on the record before us, we are unable to conclude that "a preponderance of the proof presented at trial so strongly favored the plaintiff's case 'that a contrary verdict could not have been reached upon any fair interpretation of that evidence'" (*Savage v Snell*, 257 AD2d 794, 794, quoting *Maisonet v Kelly*, 228 AD2d 780, 781; *see, Grassi v Ulrich*, 87 NY2d 954, 956; *Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746).

Nor are we persuaded by plaintiff's challenges to Supreme Court's jury charge and verdict sheet. First, Supreme Court's use of the language "proximate cause" instead of the recently favored "substantial factor" (*see*, 1A NY PJI 2:70, at 323 [3d ed 2001]) did not constitute error. Notwithstanding the current view of the Pattern Jury Instructions Committee that the "substantial factor" language may convey greater meaning to lay jurors, there can be no question that the two terms are synonymous, as was made clear to the jury in Supreme Court's thorough charge on the issue. Finally, plaintiff's present challenge to the verdict sheet's reference to "plaintiff's fall" instead of "plaintiff's injury" was not preserved by a timely request or objection at trial (*see*, CPLR 5501 [a] [3]).

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.