■ MICHELLE YOUNG, Respondent, v ANNABELLE GOULD et al., Appellants. [748 NYS2d 743] —Order, Supreme Court, Bronx County (George Friedman, J.), entered August 21, 2001, which, in an action for personal injuries sustained when the car in which plaintiff was a passenger collided with a deer, granted plaintiff's motion to vacate the jury's verdict in favor of defendants driver and owner that, although the driver was negligent, his negligence was not a proximate cause of the accident, and directed a verdict in favor of plaintiff on the issue of liability, and which also found, as a matter of law, that plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to vacate the finding of serious injury, the matter remanded for further proceedings with respect to the issue of serious injury, and otherwise affirmed, without costs.

The jury's finding that defendant driver's negligence was not a substantial factor in causing the accident could not have been reached on any fair interpretation of the evidence (*see Revill v Boston Post Rd. Dev. Corp.*, 293 AD2d 138, 142, *appeal dismissed* 98 NY2d 725). The defense was that the accident was unavoidable because the deer leapt out suddenly, leaving defendant with no opportunity to respond, or had he responded in any other manner than attempting, as he did, to apply the brakes, the accident would have happened anyway. As charged by the trial court, a determination of negligence had to be predicated on a finding that defendant was not faced with a sudden condition that could not have been reasonably anticipated and was not caused or contributed to by his own negligence. Thus, in finding defendant negligent, the jury had to find that the situation facing him was not sudden or should have been foreseen or was created or contributed to by his own negligence. Implicitly rejected was the only possible substantial cause of the accident negating defendant's negligence, namely, the sudden appearance of the deer. Although as a general proposition, a finding of negligence is not inconsistent with a finding of no proximate cause, here the evidence and the charge

were such as to so intertwine the issues of negligence and proximate cause that a finding of negligence necessarily entailed a finding of proximate cause (*cf. e.g. Pimpinella v McSwegan*, 213 AD2d 232; *Bucich v City of New York*, 111 AD2d 646). Accordingly, the trial court properly directed a verdict in favor of plaintiff on the issue of liability.

However, the trial court erred in finding a serious injury as a matter of law. No evidence as to the nature and extent of plaintiff's injuries was presented in this liability phase of a bifurcated trial, and, to the extent facial scarring may be apparent, an issue of fact would exist as to whether there is "significant disfigurement" within the meaning of the statute (*cf. Caruso v Hall*, 101 AD2d 967, *affd* 64 NY2d 843). Concur—Andrias, J.P., Ellerin, Rubin, Friedman and Gonzalez, JJ.