■ ERVIN STARR, SR., Respondent, v CAMBRIDGE GREEN HOMEOWNERS ASSOCIATION, INC., et al., Appellants, and FRED HANLON et al., Respondents. [751 NYS2d 640] —Mercure, J.P. Appeals (1) from a judgment of the Supreme Court (Hemmett, Jr., J.), entered September 24, 2001 in Washington County, inter alia, upon a verdict rendered in favor of plaintiff against defendants Cambridge Green Homeowners Association, Inc. and Thomas Rose, (2) from an order of said court, entered June 27, 2001 in Washington County, which denied said defendants' motion to set aside the verdict against them, and (3) from a second amended judgment of said court, entered May 28, 2002 in Washington County, inter alia, upon a verdict rendered in favor of plaintiff against said defendants.

On June 25, 1997 plaintiff and defendant Fred Hanlon were performing roofing work in connection with a construction project at a condominium complex owned by defendant Cambridge Green Homeowners Association, Inc. (hereinafter Cambridge Green). Defendant Thomas Rose was the general contractor on the project. At a time when plaintiff and Hanlon were working on a portion of the roof that was covered by bare wood only, it began to rain. Plaintiff and Hanlon made a hurried effort to cover the bare wood with felt and tar paper, so as to prevent the rain water from leaking into the condominium units. While engaged in that activity, plaintiff slipped on the slick wood near the peak of the roof and slid on his backside down a roof valley toward the edge of the roof. His effort to stop himself on a roof bracket or scaffold fashioned from two brackets and a

plank at the edge of the roof was unsuccessful and he continued to fall to the ground below, sustaining the injuries forming the basis for this action.

Plaintiff thereafter commenced this action, which, as relevant to this appeal, asserted a Labor Law § 240 cause of action against Cambridge Green and Rose (hereinafter collectively referred to as defendants) and, by amended complaint, a negligence cause of action against Hanlon and Fred Hanlon Construction (hereinafter collectively referred to as Hanlon) based on Hanlon's alleged failure to properly install the scaffold by nailing the plank to the brackets. Ultimately, plaintiff was awarded summary judgment establishing defendants' liability under Labor Law § 240 as a matter of law and the action proceeded to trial on the limited issues of Hanlon's liability for plaintiff's injuries and damages. The jury found that Hanlon was negligent but that his negligence was not a proximate cause of plaintiff's injuries and awarded plaintiff $528,000 for past pain and suffering and $750,000 for future pain and suffering.* Defendants now appeal Supreme Court's judgment and second amended judgment and an order denying certain posttrial motions, contending that the jury's award for past and future pain and suffering deviates materially from reasonable compensation and that the jury's findings that Hanlon was negligent, but that his negligence was not a proximate cause of plaintiff's injuries, are internally inconsistent and its verdict is therefore against the weight of the evidence. We disagree with both contentions and accordingly affirm each of the judgments and order appealed from.

Fundamentally, "[a] jury's finding that a party was at fault but that [the] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Martonick v Pudiak*, 285 AD2d 935, 936, quoting *Schaefer v Guddemi*, 182 AD2d 808, 809 [internal quotation marks and citation omitted]). We perceive no such inextricable interweaving in this case. Notably, there is no claim that the instrumentality giving rise to plaintiff's claim of negligence, i.e., the inadequately secured plank, had any part in causing plaintiff's fall. Further, there is no evidence that the device was intended or designed to operate as a safety net for already falling workers to prevent them from continuing off the roof. At best, the presence of the device in the path of plaintiff's

---

* The parties stipulated to plaintiff's medical expenses and lost wages and those issues were not submitted for the jury's consideration.

fall was fortuitous and the record leaves serious question as to whether it would have halted plaintiff's movement even if the plank had been properly secured. According to plaintiff's own account of the accident, he was sliding down the roof at a high rate of speed, perhaps out of control, and at such an angle that he was able to contact the plank with only a portion of one of his feet, which merely grazed it. Under the circumstances, the jury could very well have concluded that, although Hanlon was negligent in failing to properly install the scaffold for its intended use as a work surface or walkway for workers, the scaffold was not designed to catch falling workers and, in any event, would not have succeeded in preventing plaintiff's fall even if it had been properly installed (see Martonick v Pudiak, supra).

Nor are we persuaded that the award of $528,000 for past pain and suffering for approximately four years and $750,000 for future pain and suffering for 29 years materially deviates from reasonable compensation (see CPLR 5501 [c]; Duncan v Hillebrandt, 239 AD2d 811, 813; Wendell v Supermarkets Gen. Corp., 189 AD2d 1063, 1064). The only medical expert to testify at trial was Joel Mandel, an orthopedic surgeon with a subspecialty in the field of disability. Mandel testified that plaintiff sustained multiple fractures of the femur, which required surgery and the insertion of a surgical pin, a fractured calcaneus (heel bone), a fractured wrist on plaintiff's dominant hand, which required surgery and the insertion of five surgical pins, and a fractured hip. According to Mandel, plaintiff suffers swelling and constant pain in his heel, which requires him to wear an oversized shoe. Plaintiff will also require total hip replacement surgery, and he has a wrist disability that is marked, permanent, pain producing and progressive, with arthritis that will continue to worsen over time. In addition, although plaintiff has been able to resume work, he is restricted in his activities and the hours that he can work.

For his part, plaintiff testified that he was in the hospital for 2½ weeks and, when released, stayed with a friend because he could not take care of himself. He was restricted to a hospital bed or wheelchair for three months and was then on crutches for an additional two months. He testified that, while he used to golf two or three times each week, now he cannot play golf without spending the next day in bed. Plaintiff can no longer participate in hunting, fishing, softball and tennis, activities that he used to enjoy. Although he could return to work nine months after the accident, he can no longer perform roofing work because he cannot stand up on the roof but must sit in

order to perform his work. His workweek has been restricted to 28 hours, a substantial reduction from the 48 hours that he used to work.

In our view, the foregoing testimony gave the jury a reasonable basis for calculating plaintiff's future pain and suffering (*see Severino v Schuyler Meadows Club*, 225 AD2d 954, 958). Further, a comparison of this case to factually similar ones reveals that the jury's award is within the bounds of what has been determined to be reasonable compensation (*see e.g. Mirand v City of New York*, 190 AD2d 282, 291, *affd* 84 NY2d 44 [$750,000 jury award for pain and suffering held not to be excessive even though the injury was to a student's nondominant hand and her pain was not constant]). Under the circumstances, we are not persuaded that the record evidence preponderates so greatly in defendants' favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*see Lopez v Kenmore-Tonawanda School Dist.*, 275 AD2d 894, 895; *Sprung v O'Brien*, 168 AD2d 755).

Defendants' remaining contentions have been considered and found to be unavailing.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment, second amended judgment and order are affirmed, with one bill of costs.