■ KAREN P. LOCKHART, as Executor of OLGA M. PEROCCHI, Deceased, Respondent, v ADIRONDACK TRANSIT LINES, INC., et al., Appellants, and MARC A. WALPOLE, Respondent. [759 NYS2d 567] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Demerest, J.), entered June 26, 2002 in St. Lawrence County, upon a verdict rendered in favor of plaintiff and defendant Marc A. Walpole, and (2) from an order of said court, entered April 17, 2002 in St. Lawrence County, which, inter alia, denied motions by defendants Adirondack Transit Lines, Inc., Charles S. Pona and Timothy Alguire to set aside the verdict.

The pertinent facts surrounding this wrongful death action are contained in a prior decision of this Court (289 AD2d 686 [2001]) and will not be repeated at length. Briefly, plaintiff's mother (hereinafter decedent) was struck and killed by a truck driven by defendant Marc A. Walpole as she attempted to cross East Orvis Street in the Village of Massena, St. Lawrence County. Decedent had just disembarked from a westbound bus owned by defendant Adirondack Transit Lines, Inc. and driven by defendant Charles S. Pona. As she crossed the road to reach

the designated Adirondack bus terminal, namely, Triple A Taxi and Service Center, a business owned by defendant Timothy Alguire, she was struck by Walpole's eastbound vehicle. Although Adirondack and Alguire had a contractual arrangement whereby Adirondack was to utilize Alguire's premises for the pick up and discharge of passengers, the two parties had been engaged in a dispute about the ability of Adirondack drivers to safely do so. Accordingly, Adirondack drivers had been advised not even to attempt to pull into Alguire's premises but, rather, to pick up and discharge passengers on the side of the road opposite the terminal.

Following this Court's decision, the case proceeded to trial with the jury finding that decedent, as well as each defendant (i.e., Adirondack and/or Pona, Alguire and Walpole) were all negligent. With respect to decedent and Walpole, however, the jury concluded that *neither person's* negligence was a proximate cause of the accident. It awarded, inter alia, $500,000 for decedent's conscious pain and suffering and, as between Adirondack and Alguire, apportioned liability at 95% and 5%, respectively. Adirondack and Alguire unsuccessfully moved to set aside the verdict as inconsistent and against the weight of the evidence. They were, however, successful in reducing the conscious pain and suffering award to $350,000. Adirondack and Alguire appeal the order denying their motions to set aside the verdict and the judgment itself.

The only meritorious issue raised on appeal by any party concerns the posttrial motions to set aside the jury's verdict as against the weight of the evidence. The claim that the jury's verdict should be set aside as inconsistent is unpreserved for our review since no party raised that issue before the jury was discharged (*see Barry v Manglass,* 55 NY2d 803, 806 [1981]; *Uher v Toys R US,* 292 AD2d 595 [2002]; *Kraus v Rotem,* 249 AD2d 371 [1998]).\* However, this is a distinction without a difference in this case since the claim that the verdict is against the weight of the evidence is preserved and we find it has merit (*see Bendersky v M & O Enters. Corp,* 299 AD2d 434, 435 [2002]).

A jury's verdict is considered to be against the weight of the evidence only where it could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]). Although mindful of the deference to be accorded to the jury's determination (*see Palmateer v Whit-*

---

\* Notably, the jury's verdict was somewhat forecasted as it specifically inquired during deliberations if "you [can] make someone negligent but not a substantial cause of the accident."

*cavitch,* 256 AD2d 943, 944 [1998], *lv denied* 93 NY2d 804 [1999]), we are constrained to conclude that there is simply no credible evidence to support its finding that, although both decedent and Walpole were negligent, neither person's negligence was a proximate cause of the accident.

At trial, certain parties attempted to prove, and the jury obviously found, that both decedent and Walpole acted unreasonably that night (i.e., that each failed to exercise reasonable care under the circumstances) (*see Young v Gould,* 298 AD2d 287, 287 [2002]), although the jury certainly could have rejected such proof and concluded that neither of these parties was negligent. It is also true that the jury could have logically concluded that both decedent and Walpole were negligent but that, as in many vehicle/pedestrian accidents, decedent's negligence was the *sole* proximate cause of the accident (*see Campbell v Crimi,* 267 AD2d 343, 344 [1999]; *Briccio v Disbrow,* 212 AD2d 565, 566 [1995]; *Moskowitz v Israel,* 209 AD2d 676 [1994]; *Rubin v Pecoraro,* 141 AD2d 525, 526 [1988]). However, this the jury did not do.

We are thus constrained to conclude that the conduct of at least one of these two parties "could not be rationally viewed as anything other than *a* proximate cause of the accident" (*Petrone v Mazzone,* 284 AD2d 634, 635 [2001] [emphasis added]; *see Di Maggio v M. O'Connor Contr. Co.,* 175 Misc 2d 253, 256 [1998]; *compare Starr v Cambridge Green Homeowners Assn.,* 300 AD2d 779, 780 [2002]; *Martonick v Pudiak,* 285 AD2d 935 [2001]; *Ohdan v City of New York,* 268 AD2d 86, 88 [2000], *appeal dismissed* 95 NY2d 885 [2000], *lv denied* 95 NY2d 769 [2000]). Said differently, the issues of negligence and proximate cause vis-à-vis decedent and Walpole were so inextricably interwoven as to make it logically impossible to find both negligent without also finding that the negligence of at least one of them was a proximate cause of the accident (*see Bendersky v M & O Enters. Corp., supra; Johnson v Schrader,* 299 AD2d 815, 816 [2002]; *Young v Gould, supra; Klein v Vencak,* 298 AD2d 434, 435 [2002]; *Di Cesare v Glasgow,* 295 AD2d 1007, 1009 [2002]; *Sullivan v Pampillonio,* 288 AD2d 299 [2001]; *Romain v City of New York,* 284 AD2d 522 [2001]; *Kovit v Estate of Hallums,* 261 AD2d 442 [1999]; *Panariello v Ballinger,* 248 AD2d 452 [1998]; *Petioni v Grisi,* 155 AD2d 366 [1989]). Thus, a new trial on the issue of liability is warranted.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment and order are reversed, on the law, without costs, motions to set aside the verdict granted and matter remitted to the Supreme Court for a new trial.