■ BRIAN WAILD, Appellant, v JOHN BOULOS, M.D., Respondent. (Appeal No. 1.) [768 NYS2d 897]—Appeal from an order of Supreme Court, Orleans County (Punch, J.), entered July 12, 2002, which denied plaintiff's motion to set aside the verdict.

■ BRIAN WAILD, Appellant, v JOHN BOULOS, M.D., Respondent. (Appeal No. 2.) [770 NYS2d 253]—

Appeal from a judgment of Supreme Court, Orleans County

(Punch, J.), entered October 1, 2002, which dismissed the complaint upon the merits after a jury trial and awarded costs to defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of falling from a chair in the treatment room of defendant's office following a myringotomy to relieve the build-up of fluid behind his eardrum. As defendant completed the procedure, plaintiff suffered a vasovagal attack and fainted, falling to the floor and sustaining injuries. The jury returned a verdict in favor of defendant on the informed consent cause of action, finding that defendant properly advised plaintiff regarding the risks of the procedure. The jury further found that defendant was negligent in his treatment of plaintiff, but that defendant's negligence was not "a substantial factor in bringing about injury to the plaintiff." Plaintiff's appeal from the order in appeal No. 1, by which Supreme Court denied plaintiff's motion to set aside the verdict as inconsistent, must be dismissed (see Beeley v Spencer [appeal No. 5], 309 AD2d 1303 [2003]). The issues raised on that appeal are reviewable on the appeal from the judgment in appeal No. 2 (see id.).

Contrary to the contention of plaintiff, the court properly denied his motion to set aside the verdict as inconsistent and therefore against the weight of the evidence (see CPLR 4404 [a]). A jury verdict finding that a defendant was negligent, but that the defendant's negligence was not a proximate cause of the plaintiff's injury, is not necessarily inherently inconsistent (see Rubin v Pecoraro, 141 AD2d 525, 526 [1988]). It is only "where a jury's findings with regard to negligence and proximate cause are irreconcilably inconsistent [that] . . . the judgment cannot stand" (Pimpinella v McSwegan, 213 AD2d 232, 233 [1995]). Findings of negligence but no proximate cause are irreconcilably inconsistent when those issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Rubin, 141 AD2d at 527; see Johnson v Schrader [appeal No. 2], 299 AD2d 815, 816 [2002]). Here, plaintiff introduced evidence of and alluded on summation to several different alleged deviations from accepted standards of treatment by defendant in the course of his performance of the myringotomy. Some of those alleged deviations were "inextricably interwoven" with plaintiff's fall from the treatment chair, but others were not. The jury was not asked to specify the particular theory or theories upon which it found

that defendant was negligent. Because some of the theories of negligence advanced by plaintiff were not necessarily causally related to plaintiff's injuries, the issues of negligence and causation were not "inextricably interwoven" (*Rubin*, 141 AD2d at 527), and there is thus a logical and rational basis for the jury's determination (*see Starr v Cambridge Green Homeowners Assoc.*, 300 AD2d 779, 780 [2002]; *Martonick v Pudiak*, 285 AD2d 935, 936 [2001]; *cf. Johnson*, 299 AD2d at 816). Stated otherwise, the evidence on the issue of causation did not so preponderate in favor of plaintiff that the jury's finding of no proximate cause could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Martonick*, 285 AD2d at 936). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.