■ ANNETTE WINTER, Respondent, v STEWART'S SHOPS CORPORATION, Appellant. [866 NYS2d 397]—

Kavanagh, J. Appeals (1) from a judgment of the Supreme Court (Nolan, Jr., J.), entered March 22, 2007 in Warren County,

upon a verdict rendered in favor of plaintiff on the issue of liability, and (2) from an order of said court, entered August 23, 2007 in Warren County, which denied defendant's motion to set aside the verdict.

After trial, a jury concluded that both plaintiff and defendant were negligent in relation to plaintiff's slip and fall at defendant's store. However, the jury concluded that only defendant's negligence was a proximate cause of plaintiff's accident and issued a judgment in plaintiff's favor. Defendant now appeals from that judgment and Supreme Court's subsequent order which denied defendant's motion to set aside the verdict (see CPLR 4404 [a]).

Defendant contends that the verdict—specifically the finding that plaintiff was negligent but that her negligence was not a substantial factor in causing her to slip and fall—was inherently inconsistent and against the weight of the evidence.* As we are unpersuaded by defendant's claim that plaintiff's negligence was " 'so inextricably interwoven as to make it logically impossible' " to find that plaintiff was negligent without also finding that plaintiff's negligence was a proximate cause of her slip and fall (Schaefer v Guddemi, 182 AD2d 808, 809 [1992], quoting Rubin v Pecoraro, 141 AD2d 525, 527 [1988]; see Martin v Clark, 47 AD3d 981, 983 [2008]), we affirm.

Plaintiff testified that while she observed a sign near the entrance of defendant's store indicating "wet floor," the floor inside the premises appeared to be dry. As she proceeded to walk down the aisle towards the ice cream cooler, plaintiff turned the corner and, at that time, slipped on a large amount of liquid that was being pushed toward her by a store employee operating a floor cleaning-stripping machine. She denied that any store employee warned her about the condition of the floor in that area of the store prior to her fall. Plaintiff's two sons corroborated her account regarding the circumstances leading up to the fall and that liquid placed on the floor by defendant's employee appeared to cause the accident. In addition, defen-

---

* While plaintiff takes issue with the fact that defendant failed to assert that the verdict was inconsistent before the jury was discharged, and therefore failed to preserve this issue, we note that Supreme Court considered this claim in relation to a posttrial motion without any objection from plaintiff. In addition, Supreme Court's decision denying defendant's motion indicates that even if this motion had been made prior to the jury being discharged, it would not have resulted in any corrective action by the trial court or required any further deliberations by the jury. As such, it was properly preserved and can be considered by this Court on appeal (see Lockhart v Adirondack Tr. Lines, 305 AD2d 766, 767 [2003]; see also Skowronski v Mordino, 4 AD3d 782, 782 [2004]).

dant's counsel stipulated at trial "that the section of the floor where the accident took place was not in a reasonably safe condition." Given these circumstances, we find that the jury could have reasonably concluded that while plaintiff was negligent in not taking more care when she first entered the store, she may well not have known or have had reason to know that the area where she fell was slippery. As such, one could logically conclude that her negligence was not a substantial factor in causing the accident. Moreover, when viewed in a light most favorable to plaintiff, and after deferring to the jury's valuation of the testimony introduced at trial, "the evidence did not so preponderate in favor of [defendant] that the jury could not have reached the verdict on any fair interpretation of the evidence" (*McCulley v Sandwick*, 43 AD3d 624, 626 [2007], *appeal dismissed* 9 NY3d 976 [2007]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Lockhart v Adirondack Tr. Lines*, 305 AD2d 766, 767 [2003]).

Nor are we persuaded by defendant's challenges to the propriety of statements made by plaintiff's counsel during summation, to the effect that the accident would not have happened had defendant's employees performed the floor cleaning after business hours and while the store was closed. Contrary to defendant's position, these arguments, in the context in which they were made, were relevant on the issue of foreseeability and, as such, constituted fair comment on the evidence presented at trial (*see Norton v Nguyen*, 49 AD3d 927, 930 [2008]).

Finally, we reject defendant's claim that Supreme Court erred in denying its motion for summary judgment. In support of its motion, defendant was required to establish that it " 'maintained the property . . . in a reasonably safe condition and . . . neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]). Viewing the evidence in a light most favorable to plaintiff, and according her the benefit of all reasonable inferences, the pretrial depositions of plaintiff and her two sons as to the circumstances leading up to the accident created issues of fact that go to the very core of defendant's legal responsibility for this accident and required that defendant's motion for summary judgment be denied (*see Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 988 [2007]).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed, with costs.